**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE AND LYMPHEDEMA & WOUND CARE INSTITUTE OF TEXAS, INC. D/B/A LYMPHEDEMA AND WOUND CARE INSTITUTE, | § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § § | |

**APPENDIX TO DEFENDANT'S MOTION TO COMPEL PLAINTIFFS
TO PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES**

1. Declaration of Thomas C. Hardy In Support of Defendant's Motion to Compel Plaintiffs to Produce Documents and Respond to Interrogatories

    A. Defendant's 07.09.2020 First Set of Interrogatories to Plaintiffs

    B. Defendant's 07.09.2020 First Set of Requests for Production to Plaintiffs

    C-1. LWCIT 08.17.2020 Answers to Defendant's First Interrogatories

    C-2. LWCAA 08.17.2020 Answers to Defendant's First Interrogatories

    D-1. LWCIT 08.17.2020 Responses to Defendant's First Set of Requests for Production of Documents

    D-2. LWCAA 08.17.2020 Responses to Defendant's First Set of Requests for Production of Documents

1

E.    Email Communications dated 09.24.2020 – 10.01.2020

F.    Email Communications dated 10.07.2020 – 10.08.2020

G.    Email Communications dated 11.11.2020

H.    Letter from Thomas C. Hardy dated 11.18.2020

I.    Email Communications dated 11.23.2020 – 12.01.2020

J.    Email Communications dated 11.23.2020 – 12.11.2020

K.    Email Communications dated 12.22.2020 – 12.30.2020

L.    Defendant's 11.18.2020 Second Set of Interrogatories to Plaintiffs

M.    Defendant's 11.18.2020 Second Set of Requests for Production to Plaintiffs

N.    LWCCA 12.22.2020 Answers to Second Set of Interrogatories

O.    LWCCA 12.22.2020 Responses to Second Set of Requests for Production

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE AND LYMPHEDEMA & WOUND CARE INSTITUTE OF TEXAS, INC. D/B/A LYMPHEDEMA AND WOUND CARE INSTITUTE, | § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § | |

**DECLARATION OF THOMAS C. HARDY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL PLAINTIFFS TO PRODUCE
DOCUMENTS AND RESPOND TO INTERROGATORIES**

I, Thomas C. Hardy, declare as follows:

1.      I am over the age of 21 years and make the statements in this Declaration based upon my personal knowledge.

2.      I am a partner at Reed Smith LLP and an attorney of record in this case for Blue Cross and Blue Shield of Texas ("BCBSTX"), an unincorporated division of Health Care Service Corporation, a mutual legal reserve company.

3.      On July 9, 2020, BCBSTX served on Plaintiffs Lymphedema & Wound Care Institute of Texas, Inc., d/b/a Lymphedema & Wound Care Institute ("LWCIT") and Lymphedema & Wound Care Consultants of America, Inc., d/b/a Lymphedema & Wound Care Institute ("LWCCA") (collectively, "Plaintiffs") its First Set of Interrogatories ("ROG, Set

One"), a true and correct copy of which is attached hereto as **Exhibit A**,[1] and its First Set of Requests for Production to Plaintiffs ("RFP, Set One"), a true and correct copy of which is attached hereto as **Exhibit B**.

4.     On August 17, 2020, Plaintiffs served BCBSTX with their Answers to BCBSTX's ROGs, Set One. A true and correct copy of LWCIT's Answers to BCBSTX's ROGs, Set One, is attached hereto as **Exhibit C-1**. A true and correct copy of LWCCA's Answers to BCBSTX's ROG, Set One, is attached hereto as **Exhibit C-2**. On that same day, Plaintiffs served BCBSTX with their Responses to BCBSTX's RFP, Set One. A true and correct copy of LWCIT's Responses to BCBSTX's RFP, Set One, is attached hereto as **Exhibit D-1**. A true and correct copy of LWCCA's Responses to BCBSTX's RFP, Set One, is attached hereto as **Exhibit D-2**.

5.     RFP, Set One, No. 6, requests:

> A data export from your billing or other electronic systems in Excel (and, if not capable of being exported in Excel format, then in Access or comma-delimited format) sufficient to show the following for each of the Claims[2] identified in response to Interrogatory No. 1: Member's last name, Member's first name, date of birth, member ID number, group ID number, Claim Number, date of service, Claim's CPT Code(s), Claim's HCPCS Code(s), billed charge(s), date the Claim was submitted to BCBSTX, amount of payment received from Member, date of receipt of payment from Member, amount of payment received from BCBSTX, date of receipt of payment from BCBSTX, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX.

**Exhibit B**, RFP No. 6.

6.     ROG, Set One, No. 2 (a) and (c) asks, in pertinent part,:

---

[1] Pursuant to LR 5.2(3), only the portions of the discovery materials that are in dispute are attached to this Motion.

[2] "Claim" as defined in the discovery requests refers any medical claim or invoice submitted by Plaintiffs to BCBSTX for payment.

For each Claim in your answer to Interrogatory No. 1, identify:

    a.  the amount you allege BCBSTX was required to pay you, in addition to any amounts it has previously allowed for each Claim;

    c.  the factual and legal basis for your claim to be entitled to any amount identified in response to subsection a above[.]

**Exhibit A**, ROG No. 2.

7.    In response to RFP No. 6, Plaintiffs first produced Excel spreadsheets on August 10, 2020. These Excel spreadsheets, however, were incomplete in that they failed, *inter alia*, to identify all of the requested fields in RFP No. 6. The spreadsheets also failed to adequately identify the nature of the Claims at issue as well as the factual and legal basis for each Claim.

8.    On September 24 and September 25, 2020, following meet and confers between counsel for the parties, Plaintiffs produced updated spreadsheets but did not make clear whether the Claims listed therein pertained to LWCIT or LWCCA or both. *See* September 24 and September 25, 2020 email communications between Thomas C. Hardy and Scott Nichols, attached hereto as **Exhibit E**, p. 50-54.

9.    On September 25, 2020, counsel for BCBSTX wrote to counsel for Plaintiffs, asking that Plaintiffs provide access to the spreadsheets (which were locked and otherwise inaccessible); clarify which Excel spreadsheet belong to each Plaintiff; and provide the information that was still missing from these new spreadsheets, including but, not limited to, all of the fields requested in RFP, Set One, No. 6 and the factual and legal basis giving rise to each Claim as requested in ROG, Set One, No. 2 (a) and (c). *See id.* BCBSTX asked that the missing information be provided by September 30, 2020. *See id.*, p. 52.

10.    In response to the September 25, 2020 email, counsel for Plaintiffs responded as follows, promising that the LWCCA's spreadsheets were forthcoming:

> Tom we will work on getting you access.  Both spreadsheets are for
> LWCIT.  I will get you LWCCA's *soon* – but it won't be ready today.

*See id.*, p. 51 (emphasis added).

11.     On October 1, 2020, having received no response from Plaintiffs, my colleague Claudia L. Cortes, sent an email to counsel for Plaintiffs, copying me and requesting that Plaintiffs produce LWCCA's spreadsheets with all of the information requested by both RFP, Set One, No. 6 and ROG, Set One, No. 2. *See id.*, p. 51.

12.     While trying to get the updated and promised Excel spreadsheets from both LWCIT and LWCCA, counsel for BCBSTX also sought to get Plaintiffs to produce documents, including medical records, responsive to BCBSTX's RFP, Set One, that Plaintiffs had agreed to produce but represented they only had available in paper form. *See* October, 2020 email communications between counsel for both parties, attached hereto as **Exhibit F**.

13.     LWCIT made available some boxes of documents for inspection and copying, but LWCCA asked for additional time to make its documents available. *See id.* Specifically, counsel for LWCCA represented that LWCCA "had so much information" and that it was going "to take a little longer" for LWCCA to produce. *See id.*, p. 56.

14.     On November 11, 2020, counsel for BCBSTX wrote to counsel for Plaintiffs, setting forth all of the outstanding discovery items and asking that LWCCA produce both its Claim spreadsheets and provide dates for the inspection of its responsive documents. *See* November 11, 2011 email communication from Thomas C. Hardy to Scott Nichols, attached hereto as **Exhibit G**, p. 66.

15.     On November 15, 2020, counsel for Plaintiff responded, stating in part as follows:

> Hi Tom – **working on it.** I begin my arbitration on Tuesday.  I will be done, I think,
> Monday November 23.  Can we talk on the 24th?

*Id.*, p. 65 (emphasis added).

16.      On November 16, 2020, counsel for BCBSTX responded that "given the short time left for remaining discovery," the information was needed soon. *Id.* Counsel for BCBSTX explained that it wanted to avoid court intervention. *Id.*, p. 65.

17.      On November 18, 2020, counsel for BCBSTX once again wrote to counsel for Plaintiffs, with various outstanding and significantly overdue items. A true and correct copy of the November 18, 2020 Letter outlining those deficiencies is attached hereto as **Exhibit H**.

18.      In the November 18, 2020 Letter, counsel for BCBSTX noted that LWCIT's October 30, 2020 Claim spreadsheets (which had been the latest versions produced) remained deficient and that LWCCA had yet to produce its own Claim spreadsheets. *See id.*, p. 70.

19.      Additionally, counsel for BCBSTX requested an explanation as to why LWCIT's spreadsheets contained codes beyond Current Procedural Terminology ("CPT") Code 97140 and Healthcare Common Procedure Coding System ("HCPCS") Code S8950, when LWCIT had represented during meet and confers that these were the only two codes at issue. *Id.*

20.      In the November 18, 2020 Letter, counsel for BCBSTX also explained that, after reviewing the documents LWCIT had made available for inspection, it was discovered that LWCIT had only produced documents for **four patients** and that its production therefore was incomplete. *Id.*, p. 71, Attachment. BCBSTX also reminded LWCCA that its ***entire*** production of documents available for inspection was outstanding and that LWCCA needed to provide dates certain for inspection, which LWCCA had promised it would do but had repeatedly failed to do so. *Id.*, p. 71.

21.      Plaintiffs did not respond to the Letter, did not produce updated spreadsheets for either LWCIT or LWCCA, and did not provide dates for the inspection of LWCCA's documents.

22.      On December 1, 2020, counsel for BCBSTX followed up with counsel for

Plaintiffs, requesting that counsel address the multiple discovery deficiencies, including those outlined in the November 18, 2020 Letter. *See* Dec. 1, 2020 email communication from Claudia L. Cortes to Scott Nichols, copying me, attached hereto as **Exhibit I**, p. 78.

23.     On December 1, 2020, counsel for Plaintiffs called counsel for BCBSTX to discuss the outstanding discovery items. *See* Dec. 1, 2020 email communication from Scott Nichols to Claudia L. Cortes, copying me, attached hereto as **Exhibit J**, p. 82.

24.     I personally called Mr. Nichols back that same day. During the call, Mr. Nichols advised that he was having a "direct conversation" with his clients that week and asked that BCBSTX give Plaintiffs a little additional time on the various outstanding discovery items.

25.     Plaintiffs, however, did not address the outstanding discovery items that week. I followed up with counsel for Plaintiffs on December 11, 2020, once again on the outstanding items. *Id.*

26.     LWCCA finally produced its Claim spreadsheets on December 20, 2020.

27.     The spreadsheets produced on that day, however, still do not definitively identify the Claims LWCCA is putting at issue or the legal and factual basis that purportedly entitles LWCCA to additional payments for each such Claim. Further, the spreadsheets list thousands of dates of service for the treatment of lymphedema without a clear indication that each such date of service and corresponding CPT and HCPCS codes are even at issue or why, nor provide all of the information requested in RFP, Set One, No. 6.

28.     Counsel for BCBSTX wrote to counsel for Plaintiffs on December 24, 2020, outlining some of these issues and asking for LWCCA's document production, including its medical records. *See* Dec. 24, 2020 email communication from Claudia L. Cortes to Scott Nichols, copying me, attached hereto as **Exhibit K**, p. 87-88.

29.     He responded in, pertinent part, as follows:

In terms of making all of the medical records available to you, *I am checking in to that*. *I believe they will be made available electronically*.

*Id.*, p. 87. (emphasis added).

30.     As of December 30, 2020, however, neither LWCCA nor LWCIT had addressed the respective outstanding discovery deficiencies in their Claim spreadsheets and document productions.

31.     On December 30, 2020, LWCIT (following the deposition of its corporate representative) did produce updated Claim spreadsheets, but (as with LWCCA's spreadsheets) these spreadsheets also list thousands of dates of service for the treatment of lymphedema without a clear indication that each such date of service and corresponding CPT and HCPCS codes are even at issue or why. Further, the spreadsheets still do not identify the factual and legal basis supporting LWCIT's claim that it is entitled to additional payments for each Claim, nor provide all of the information requested in RFP, Set One, No. 6.

32.     On that same day, I wrote to counsel for Plaintiffs, outlining the continuing deficiencies in both LWCIT's and LWCCA's Claim spreadsheets and productions and requesting that Plaintiffs state whether they intended to provide basic information regarding their Claims. **Exhibit K**, p. 86.

33.     In that same correspondence, I reminded counsel that LWCIT's responses to BCBSTX's Second Set of Interrogatories ("ROG, Set Two"), a true and correct copy of which is attached hereto as **Exhibit L,** and its Second Set of Requests for Production to Plaintiffs ("RFP, Set Two"), a true and correct copy of which is attached hereto as **Exhibit M**, were overdue. Responses to these second sets of discovery were due on December 22, 2020, following a

request from counsel for LWCIT for an extension.[3]

34.     In an email on December 30, 2020, I sought to meet and confer with counsel for Plaintiffs one final time, stating as follows:

> Given the 1/6 discovery deadline and your clients' failure to deliver on repeated promises to provide the discovery, my client has no choice but to file a motion to compel if this discovery is not produced to us immediately. Please let me know today if and when we'll receive it.

**Exhibit K**, p. 86.

35.     Plaintiffs' counsel did not respond to the email, and Plaintiffs did not address the discovery deficiencies outlined in BCBSTX's Motion to Compel.

36.     On January 5, 2021, prior to filing the instant Motion, counsel for BCBSTX sought to meet and confer with counsel for Plaintiffs one last time.

37.     After initially relaying that counsel for Plaintiffs was unavailable for a telephonic conference to meet and confer the afternoon of January 5, 2021, counsel produced at 5:31 pm CST two spreadsheets with a "sample" of the Claims LWCIT is putting at issue. The spreadsheets, however, by virtue of being samples are not complete. And, further, the spreadsheets still do not include all of the fields requested in RFP, Set One, No. 6, such the amounts that BCBSTX has already paid for the Claims and the amounts LWCIT contends it is still owed per Claim.

38.     Following the production of these two sample spreadsheets, counsel for Plaintiffs and for BCBSTX met and conferred telephonically at 7:40 pm CST on January 5, 2021. During

---

[3] LWCCA did provide responses to BCBSTX's Second Set of Interrogatories ("ROG, Set Two"), a true and correct copy of which is attached hereto as **Exhibit N,** and its Second Set of Requests for Production to Plaintiff ("RFP, Set Two"), a true and correct copy of which is attached hereto as **Exhibit O**. LWCCA agreed to produce documents responsive to, *inter alia*, RFP, Set Two, Nos. 24 as well as documents responsive to ROG, Set Two, Nos. 8-9. To date, however, LWCCA has not produced those documents.

the telephone conference, counsel for Plaintiffs acknowledged the need for BCBSTX to understand on a Claim by Claim basis what is the nature of the dispute and why Plaintiffs think they are entitled to additional monies per each Claim.

39.     Counsel for Plaintiffs asked for additional patience while he tried to work with Plaintiffs to gather the outstanding information. Counsel for BCBSTX explained, however, that with discovery closing on January 6, 2021, there was no more time to wait for Plaintiffs' Claim information and documents.

40.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on this 5th day of January, 2021 in Chicago, Illinois.



By: _____

Thomas C. Hardy

# EXHIBIT  A

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE AND LYMPHEDEMA & WOUND CARE INSTITUTE OF TEXAS, INC. D/B/A LYMPHEDEMA AND WOUND CARE INSTITUTE, | § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § § | |

**DEFENDANT HEALTH CARE SERVICE CORPORATION'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company that does business in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX"), by and through its counsel, Reed Smith LLP, propounds the following Interrogatories on Plaintiffs Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute and Lymphedema & Wound Care Institute of Texas, Inc., d/b/a Lymphedema & Wound Care Institute, which must be answered under oath and within thirty (30) days from the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Action" refers to *Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute and Lymphedema & Wound Care Institute of Texas, Inc. d/b/a Lymphedema and Wound Care Institute v. Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas.*, Case No. 3:19-CV-02164-X, currently pending in the Northern District of Texas, Dallas Division.

## **INTERROGATORIES**

**Interrogatory No. 1:**  Identify each Claim submitted by Plaintiffs to BCBSTX for which Plaintiffs allege they were not paid or were underpaid in violation of the terms of the LWCCA Agreement or LWCIT Agreement.

**RESPONSE:**

**Interrogatory No. 2:** For each Claim in your answer to Interrogatory No. 1, identify:

    a.  the amount you allege BCBSTX was required to pay you, in addition to any amounts it has previously allowed for each Claim;

    b.  any other amounts you are seeking for each Claim, including but not limited to any interest;

    c.  the factual and legal basis for your claim to be entitled to any amount identified in response to subsection a above; and

    d.  each provision in the LWCCA Agreement or LWCIT Agreement that supports your claim to any amount identified in response to subsection a above.

**RESPONSE:**

**Interrogatory No. 3.**  Do you contend in this Action that BCBSTX improperly bundled two or more CPT Codes when determining the amount to allow and/or pay for any of the Claims identified in your answer to Interrogatory No. 1? If the answer is yes, identify the CPT Codes that you contend BCBSTX improperly bundled, the basis or bases for your contention that the bundling was improper, and the bates number(s) of the Document(s) that support your contention.

**RESPONSE:**

**Interrogatory No. 4:**  Identify each Person who has knowledge of the facts and circumstances alleged in the Complaint in accordance with Definition and Instruction No. 15, and for each such Person, state the general substance of that Person's knowledge.

6

DATED this 9th day of July, 2020.

REED SMITH LLP

_/s/ Thomas C. Hardy_

Martin J. Bishop
State Bar No. 24086915
Fed. ID No. 2443325
mbishop@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Thomas C. Hardy (*Pro Hac Vice*)
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2427
Facsimile: (312) 207-6400

*Attorneys-in-Charge for Defendant*

Cheryl L. Blount
State Bar No. 24076279
Fed. ID No. 1447148
cblount@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Of Counsel for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2020, a true and correct copy of the foregoing

was served on Plaintiffs' counsel of record via electronic mail:

NICHOLS BRAR WEITZNER & THOMAS LLP

Charles Nichols
snichols@nicholsbrar.com
P.O. Box 920837
Houston, Texas 77292
281-727-8442

***ATTORNEYS FOR PLAINTIFFS***

*/s/ Thomas C. Hardy*
Thomas C. Hardy

9

# EXHIBIT  B

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE AND LYMPHEDEMA & WOUND CARE INSTITUTE OF TEXAS, INC. D/B/A LYMPHEDEMA AND WOUND CARE INSTITUTE, | § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § | |
| | § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS, | § § § | |
| | § | |
| Defendant. | § | |

**HEALTH CARE SERVICE CORPORATION'S FIRST SET OF REQUESTS FOR
DOCUMENTS TO PLAINTIFFS**

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company that does business in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX"), by and through its counsel, Reed Smith LLP, propounds the following Requests for Production on Plaintiffs Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute and Lymphedema & Wound Care Institute of Texas, Inc., d/b/a Lymphedema & Wound Care Institute, which must be answered and within thirty (30) days from the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Action" refers to *Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute and Lymphedema & Wound Care Institute of Texas, Inc. d/b/a Lymphedema and Wound Care Institute v. Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas.*, Case No. 3:19-CV-02164-X, currently pending in the Northern District of Texas, Dallas Division.

## REQUESTS FOR PRODUCTION

**Request No. 1:**  All Documents and Communications related to the Claims identified in your answer to Interrogatory No. 1, including, but not limited to, patient intake records, patient insurance cards, assignments of benefits, medical records, benefit verification records, preauthorization/precertification records, call notes or logs, call recordings, Claim forms, UB forms, remittance reports, remittance notices, transaction detail records, collection notes or collection records, and all payment and account records.

**RESPONSE:**

**Request No. 2:** All Documents, whether created by you or not, that you used to determine the CPT Code(s) and modifier(s) you billed for each of the Claims you identified in your answer to Interrogatory No. 1, including but not limited to, any commercial and/or uniform guidelines, training manuals, and policies and procedures.

**RESPONSE:**

**Request No. 3:** All fee schedules, charge master lists and/or billing or pricing schedules that contain your charges during the relevant timeframe for the services, procedures and supplies that are the subject of the Claims identified in your answer to Interrogatory No. 1.

**RESPONSE:**

**Request No. 4:** All Documents and Communications that you contend establish or support any additional amount(s) BCBSTX is obligated to pay you for the Claims identified in your answer to Interrogatory No. 1.

**RESPONSE:**

5

**Request No. 5:** Documents sufficient to show all amount(s) you received from Members for each of the Claims identified in your answer to Interrogatory No. 1.

**RESPONSE:**

**Request No. 6:**  A data export from your billing or other electronic systems in Excel (and, if not capable of being exported in Excel format, then in Access or comma-delimited format) sufficient to show the following for each of the Claims identified in response to Interrogatory No. 1:  Member's last name, Member's first name, date of birth, member ID number, group ID number, Claim Number, date of service, Claim's CPT Code(s), Claim's HCPCS Code(s), billed charge(s), date the Claim was submitted to BCBSTX, amount of payment received from Member, date of receipt of payment from Member, amount of payment received from BCBSTX, date of receipt of payment from BCBSTX, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX.

**RESPONSE:**

**Request No. 7:** All internal policies, guidelines, training materials or other Documents that Plaintiffs used for reference or training regarding CPT Codes S8950 and 97410.

**RESPONSE:**

**Request No. 8:** All internal policies, guidelines, training materials or other Documents that Plaintiffs used for reference or training regarding use of CPT Codes on benefit claims for strapping services or supplies provided to patients.

**RESPONSE:**

6

**Request No. 9:** All Communications between you and BCBSTX related to the Claims you identified in your answer to Interrogatory No. 1.

**RESPONSE:**


**Request No. 10:** All Documents identified in your Rule 26(a)(1) Disclosures.

**RESPONSE:**


**Request No. 11:** All Documents identified or described in your responses to BCBSTX's First Set of Interrogatories or that you relied on to formulate your responses to those Interrogatories.

**RESPONSE:**


**Request No. 12:** All Documents that you anticipate using at trial in this Action.

**RESPONSE:**


**Request No. 13:** All Documents that you provided to, or otherwise used in consultation with, any expert witness you have retained or will retain to testify in this Action.

**RESPONSE:**


**Request No. 14:** All Documents that relate to each category of damages you seek in the Action, as well as to your computation of each such category of damages.

**RESPONSE:**

DATED this 9th day of July, 2020.

REED SMITH LLP

 _/s/ Thomas C. Hardy_

Martin J. Bishop
State Bar No. 24086915
Fed. ID No. 2443325
mbishop@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Thomas C. Hardy (*Pro Hac Vice*)
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2427
Facsimile: (312) 207-6400

*Attorneys-in-Charge for Defendant*

Cheryl L. Blount
State Bar No. 24076279
Fed. ID No. 1447148
cblount@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Of Counsel for Defendant*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of July, 2020, a true and correct copy of the foregoing

was served on Plaintiffs' counsel of record via electronic mail:

NICHOLS BRAR WEITZNER & THOMAS LLP

Charles Nichols
snichols@nicholsbrar.com
P.O. Box 920837
Houston, Texas 77292
281-727-8442

***ATTORNEYS FOR PLAINTIFFS***

<u>*/s/ Thomas C. Hardy*</u>
Thomas C. Hardy

9

# EXHIBIT  C-1

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE AND LYMPHEDEMA & WOUND CARE INSTITUTE OF TEXAS, INC. D/B/A LYMPHEDEMA AND WOUND CARE INSTITUTE, | § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § § | |

**PLAINTIFFS' ANSWERS TO DEFENDANT'S
FIRST SET OF INTERROGATORIES**

TO:     Defendant Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas, by and through its attorneys of record, Martin J. Bishop, Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110; Thomas C. Hardy (*Admitted Pro Hac Vice*), Reed Smith LLP, 10 S. Wacker Drive, 40th Floor Chicago, IL 60606; and Cheryl L. Blount (*Of Counsel*), Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110.

Plaintiffs Lymphedema & Wound Care Institute of Texas, Inc. d/b/a/ Lymphedema & Wound Care Institute ("LWCIT") serves these Answers to Defendant Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas's First Set of Interrogatories, pursuant to the Federal Rules of Civil Procedure, as follows.

1

DATED this 17th day of August, 2020.

Respectfully submitted,

*/s/ Charles "Scott" Nichols*
**CHARLES "SCOTT" NICHOLS**
State Bar No. 14994100
NICHOLS, BRAR, WEITZNER & THOMAS LLP
P.O. Box 920837
Houston, Texas 77077292
(281) 727-8442 – Phone
snichols@nicholsbrar.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2020, a true and correct copy of the foregoing

was served on Plaintiffs' counsel of record via electronic mail:

Martin J. Bishop
State Bar No. 24086915
Fed. ID No. 2443325
mbishop@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
Thomas C. Hardy (*Pro Hac Vice*)
thardy@reedsmith.com
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2427
Facsimile: (312) 207-6400

*Attorneys-in-Charge for Defendant*

Cheryl L. Blount
State Bar No. 24076279
Fed. ID No. 1447148
cblount@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110

2

Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Of Counsel for Defendant*

/s/ Scott Nichols_____
Scott Nichols

3

## <u>ANSWERS TO INTERROGATORIES</u>

**Interrogatory No. 1:** Identify each Claim submitted by Plaintiffs to BCBSTX for which Plaintiffs

allege they were not paid or were underpaid in violation of the terms of the LWCCA Agreement

or LWCIT Agreement.

> **ANSWER:** A list of claims and related information responsive to this Interrogatory was
> produced to Defendant's counsel on Monday, August 10, 2020.

**Interrogatory No. 2:** For each Claim in your answer to Interrogatory No. 1, identify:

> a. the amount you allege BCBSTX was required to pay you, in addition to any
>    amounts it has previously allowed for each Claim;
>
> b. any other amounts you are seeking for each Claim, including but not limited to
>    any interest;
>
> c. the factual and legal basis for your claim to be entitled to any amount identified in
>    response to subsection a above; and
>
> d. each provision in the LWCCA Agreement or LWCIT Agreement that supports
>    your claim to any amount identified in response to subsection a above.

> **ANSWER:** A list of claims and related information responsive to this Interrogatory was
> produced to Defendant's counsel on Monday, August 10, 2020 which addresses 2a and b
> above. LWCIT is unable to calculate interest and penalties due because the time continues
> to run. Further, BCBSTX took inconsistent positions regarding which plans the penalties
> and interest apply to (Prompt Pay Act).
>
> As for 2c above, LWCIT answers that it provided the services to the BCBSTX members,
> that it submitted timely clean claims, that in almost all cases it submitted medical records
> with its claims (and which BCBSTX lost) and that BCBSTX wrongfully placed LWCIT
> on a pre-payment audit and/or hold for several years. Accordingly, LWCIT was not paid.
> Further, BCBSTX wrongfully recouped payments and made a complete mess internally at
> BCBTSX of LWCIT's claims – never, to this day, taking ownership of the mess it caused
> and never returning the wrongful recoupments or properly paying submitted claims for the
> claims in question. Further, BCBSTX in some cases has argued that LWCIT has
> 'unbundled" some claims and CPT codes that should have been bundled. BCBSTX is
> wrong in those instances. Separate modalities on distinct parts of the body (often with
> modifiers) for several of the codes used by LWCIT should be billed separately as
> recognized in the industry and by other payors.
>
> As for 2d above, BCBSTX's failure to pay and wrongful recoupments are in direct
> violation of Article 1, Section 1 and Article 2, Section 2 of the contract. BCBSTX

4

wrongfully placed LWCIT on a pre-payment audit and/or hold without notice or explanation, failed to pay LWCIT at all for claims submitted during those years, wrongfully recouped payments without decipherable explanations and never returned those recoupments, and failed to pay for separate modalities for certain codes claiming that LWCIT inappropriately "unbundled" certain claims and codes – failing to pay the "maximum allowable amount" as proven by some claims BCBSTX has paid for those same "unbundled" codes in recent weeks.

**Interrogatory No. 3.** Do you contend in this Action that BCBSTX improperly bundled two or more CPT Codes when determining the amount to allow and/or pay for any of the Claims identified in your answer to Interrogatory No. 1? If the answer is yes, identify the CPT Codes that you contend BCBSTX improperly bundled, the basis or bases for your contention that the bundling was improper, and the bates number(s) of the Document(s) that support your contention.

**ANSWER:** Yes:

\*\*CPT Code S8950 Complex Lymphedema Therapy (CLT), each 15 minutes

also referred to Complex Decongestive Physiotherapy (CDP) /Complete Decongestive Therapy (CDT)

(meticulous skin and nail care, manual lymph drainage, application of serial compression, ROM exercise with compression in place)

Removal of compression bandages followed by skin care to affected extremities using no soap skin cleanser followed by application of lotion and performing MLD to affected extremity and application of compression to the lymph edematous extremity and ROM exercise to promote edematous fluid reduction through muscle pump contraction.

\*\*CPT Code 97140 Manual Therapy/Manual Lymph Drainage (MLD):

97140 ............Manual (physical) therapy techniques to 1 or more regions, each 15 minutes

Manual lymph drainage was performed to thoracic areas to promote edematous fluid reduction by short stretch stroke technique through functional pathways to contralateral working lymph node stations by decongesting lymph vessels to create anastomosis.

Plaintiff also disputes BCBSTX's position regarding use of CPT codes 29520, 20530, 29540, 29550, 29240, 29260, 29280, 29580 and 29584 as not in concert with CMS guidance and what other payors do.

5

# EXHIBIT  C-2

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE AND LYMPHEDEMA & WOUND CARE INSTITUTE OF TEXAS, INC. D/B/A LYMPHEDEMA AND WOUND CARE INSTITUTE, | § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

TO:    Defendant Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas, by and through its attorneys of record, Martin J. Bishop, Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110; Thomas C. Hardy (*Admitted Pro Hac Vice*), Reed Smith LLP, 10 S. Wacker Drive, 40th Floor Chicago, IL 60606; and Cheryl L. Blount (*Of Counsel*), Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110.

Plaintiff Lymphedema & Wound Care Consultants Of America, Inc. d/b/a Lymphedema & Wound Care Institute ("LWCCA") serves these Answers to Defendant Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas's First Set of Interrogatories, pursuant to the Federal Rules of Civil Procedure, as follows.

1

DATED this 17th day of August, 2020.

Respectfully submitted,

*/s/ Charles "Scott" Nichols*
**CHARLES "SCOTT" NICHOLS**
State Bar No. 14994100
NICHOLS, BRAR, WEITZNER & THOMAS LLP
P.O. Box 920837
Houston, Texas 77077292
(281) 727-8442 – Phone
snichols@nicholsbrar.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2020, a true and correct copy of the foregoing

was served on Plaintiffs' counsel of record via electronic mail:

Martin J. Bishop
State Bar No. 24086915
Fed. ID No. 2443325
mbishop@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
Thomas C. Hardy (*Pro Hac Vice*)
thardy@reedsmith.com
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2427
Facsimile: (312) 207-6400

*Attorneys-in-Charge for Defendant*

2

Cheryl L. Blount
State Bar No. 24076279
Fed. ID No. 1447148
cblount@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Of Counsel for Defendant*

*/s/ Scott Nichols*_____
Scott Nichols

3

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 1:** Identify each Claim submitted by Plaintiffs to BCBSTX for which Plaintiffs allege they were not paid or were underpaid in violation of the terms of the LWCCA Agreement or LWCIT Agreement.

> **ANSWER:**  A list of claims and related information responsive to this Interrogatory was produced to Defendant's counsel on Monday, August 10, 2020.

**Interrogatory No. 2:** For each Claim in your answer to Interrogatory No. 1, identify:

> a.  the amount you allege BCBSTX was required to pay you, in addition to any amounts it has previously allowed for each Claim;
>
> b.  any other amounts you are seeking for each Claim, including but not limited to any interest;
>
> c.  the factual and legal basis for your claim to be entitled to any amount identified in response to subsection a above; and
>
> d.  each provision in the LWCCA Agreement or LWCIT Agreement that supports your claim to any amount identified in response to subsection a above.

> **ANSWER:**  A list of claims and related information responsive to this Interrogatory was produced to Defendant's counsel on Monday, August 10, 2020 which addresses 2a and b above.  LWCCA is unable to calculate interest and penalties due because the time continues to run.  Further, BCBSTX took inconsistent positions regarding which plans the penalties and interest apply to (Prompt Pay Act).

> As for 2c above, LWCCA answers that it provided the services to the BCBSTX members, that it submitted timely clean claims, that in almost all cases it submitted medical records with its claims (and which BCBSTX lost) and that BCBSTX wrongfully placed LWCCA on a pre-payment audit and/or hold for several years.  In fact, BCBSTX never gave notice of the pre-payment audit and/or hold in writing or otherwise.  Accordingly, LWCCA was not paid.  Further, BCBSTX wrongfully recouped payments and made a complete mess internally at BCBTSX of LWCCA's claims – never, to this day, taking ownership of the mess it caused and never returning the wrongful recoupments or properly paying submitted claims for the claims in question.  Further, BCBSTX in some cases has argued that LWCCA has 'unbundled' some claims and CPT codes that should have been bundled.  BCBSTX is wrong in those instances.  Separate modalities on distinct parts of the body (often with modifiers) for several of the codes used by LWCCA should be billed separately as recognized in the industry and by other payors.

4

As for 2d above, BCBSTX's failure to pay and wrongful recoupments are in direct violation of Article 1, Section 1 and Article 2, Section 2 of the contract.  BCBSTX wrongfully placed LWCCA on a pre-payment audit and/or hold without notice or explanation, failed to pay LWCCA at all for claims submitted during those years, wrongfully recouped payments without decipherable explanations and never returned those recoupments, and failed to pay for separate modalities for certain codes claiming that LWCCA inappropriately "unbundled" certain claims and codes – failing to pay the "maximum allowable amount" as proven by some claims BCBSTX has paid for those same "unbundled" codes in recent weeks.

**Interrogatory No. 3.** Do you contend in this Action that BCBSTX improperly bundled two or more CPT Codes when determining the amount to allow and/or pay for any of the Claims identified in your answer to Interrogatory No. 1? If the answer is yes, identify the CPT Codes that you contend BCBSTX improperly bundled, the basis or bases for your contention that the bundling was improper, and the bates number(s) of the Document(s) that support your contention.

   **ANSWER:**  Yes:

   **CPT Code S8950 Complex Lymphedema Therapy (CLT), each 15 minutes

   also referred to Complex Decongestive Physiotherapy (CDP) /Complete Decongestive Therapy (CDT)

   (meticulous skin and nail care, manual lymph drainage, application of serial compression, ROM exercise with compression in place)

   Removal of compression bandages followed by skin care to affected extremities using no soap skin cleanser followed by application of lotion and performing MLD to affected extremity and application of compression to the lymph edematous extremity and ROM exercise to promote edematous fluid reduction through muscle pump contraction.

   **CPT Code 97140 Manual Therapy/Manual Lymph Drainage (MLD):

   97140 ............Manual (physical) therapy techniques to 1 or more regions, each 15 minutes

   Manual lymph drainage was performed to thoracic areas to promote edematous fluid reduction by short stretch stroke technique through functional pathways to contralateral working lymph node stations by decongesting lymph vessels to create anastomosis.

5

# EXHIBIT  D-1

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE AND LYMPHEDEMA & WOUND CARE INSTITUTE OF TEXAS, INC. D/B/A LYMPHEDEMA AND WOUND CARE INSTITUTE, | § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR DOCUMENTS**

TO:    Defendant Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas, by and through its attorneys of record, Martin J. Bishop, Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110; Thomas C. Hardy (*Admitted Pro Hac Vice*), Reed Smith LLP, 10 S. Wacker Drive, 40th Floor Chicago, IL 60606; and Cheryl L. Blount (*Of Counsel*), Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110.

Plaintiffs Lymphedema & Wound Care Institute of Texas, Inc. d/b/a Lymphedema and Wound Care Institute ("LWCIT") serves these Responses to Defendant Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas's First Set of Requests for Documents, pursuant to the Federal Rules of Civil Procedure, as follows.

DATED this 17th day of August, 2020.

Respectfully submitted,

*/s/ Charles "Scott" Nichols*
**CHARLES "SCOTT" NICHOLS**
State Bar No. 14994100
NICHOLS, BRAR, WEITZNER & THOMAS LLP
P.O. Box 920837
Houston, Texas 77077292
(281) 727-8442 – Phone
snichols@nicholsbrar.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of August, 2020, a true and correct copy of the foregoing

was served on Plaintiffs' counsel of record via electronic mail:

Martin J. Bishop
State Bar No. 24086915
Fed. ID No. 2443325
mbishop@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
Thomas C. Hardy (*Pro Hac Vice*)
thardy@reedsmith.com
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2427
Facsimile: (312) 207-6400

*Attorneys-in-Charge for Defendant*

2

Cheryl L. Blount
State Bar No. 24076279
Fed. ID No. 1447148
cblount@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Of Counsel for Defendant*


                                        */s/ Scott Nichols*_____
                                        Scott Nichols

3

## RESPONSES TO REQUESTS FOR DOCUMENTS

**Request No. 1:** All Documents and Communications related to the Claims identified in your answer to Interrogatory No. 1, including, but not limited to, patient intake records, patient insurance cards, assignments of benefits, medical records, benefit verification records, preauthorization/precertification records, call notes or logs, call recordings, Claim forms, UB forms, remittance reports, remittance notices, transaction detail records, collection notes or collection records, and all payment and account records.

> **RESPONSE:**  Plaintiff LWCIT produced responsive records labeled LWC 00001-000146. Plaintiff LWCIT also produced a list of all claims to Defendant's counsel on Monday, August 10, 2020.  All other patient claim files for LWCIT are available for review and/or copying – terms to be worked out between the parties.

**Request No. 2:** All Documents, whether created by you or not, that you used to determine the CPT Code(s) and modifier(s) you billed for each of the Claims you identified in your answer to Interrogatory No. 1, including but not limited to, any commercial and/or uniform guidelines, training manuals, and policies and procedures.

> **RESPONSE:**  Responsive documents have been produced labeled LWC 00001-00146.

**Request No. 3:** All fee schedules, charge master lists and/or billing or pricing schedules that contain your charges during the relevant timeframe for the services, procedures and supplies that are the subject of the Claims identified in your answer to Interrogatory No. 1.

> **RESPONSE:** Responsive documents have been produced labeled LWC 00001-00146.

**Request No. 4:** All Documents and Communications that you contend establish or support any additional amount(s) BCBSTX is obligated to pay you for the Claims identified in your answer to Interrogatory No. 1.

4

**RESPONSE:**  Plaintiff LWCIT produced a list of all claims including billed charges, paid amounts and balances due to Defendant's counsel on Monday, August 10, 2020.  Also see contracts attached to Plaintiffs Original Verified Petition. Additional Responsive documents have been produced labeled LWC 00001-00146.

**Request No. 5:** Documents sufficient to show all amount(s) you received from Members for each of the Claims identified in your answer to Interrogatory No. 1.

**RESPONSE:**  Plaintiff LWCIT also produced a list of all claims to Defendant's counsel on Monday, August 10, 2020.  To the extent Plaintiff LWCIT may determine from its system amounts each patient paid, it will supplement this Request with that information.

**Request No. 6:** A data export from your billing or other electronic systems in Excel (and, if not capable of being exported in Excel format, then in Access or comma-delimited format) sufficient to show the following for each of the Claims identified in response to Interrogatory No. 1: Member's last name, Member's first name, date of birth, member ID number, group ID number, Claim Number, date of service, Claim's CPT Code(s), Claim's HCPCS Code(s), billed charge(s), date the Claim was submitted to BCBSTX, amount of payment received from Member, date of receipt of payment from Member, amount of payment received from BCBSTX, date of receipt of payment from BCBSTX, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX.

**RESPONSE:** Plaintiff LWCIT objects to this Request because it does not have the technology or the means to export the data requested in the format(s) requested.   LWCIT produced claims lists to Defendant's counsel on August 10, 2020.  The lists include most, if not all, of the information requested.

**Request No. 7:** All internal policies, guidelines, training materials or other Documents that

Plaintiffs used for reference or training regarding CPT Codes S8950 and 97410.

    **RESPONSE:**  Plaintiffs have produced responsive documents labeled LWC 00001-
00146.

**Request No. 8:** All internal policies, guidelines, training materials or other Documents that

Plaintiffs used for reference or training regarding use of CPT Codes on benefit claims for strapping

services or supplies provided to patients.

    **RESPONSE:**  Plaintiffs have produced responsive documents labeled LWC 00001-00146.

**Request No. 9:** All Communications between you and BCBSTX related to the Claims you identified
in your answer to Interrogatory No. 1.

    **RESPONSE:**   Plaintiffs have produced responsive documents labeled LWC 00001-00146.

**Request No. 10:** All Documents identified in your Rule 26(a)(1) Disclosures.

    **RESPONSE:**  Plaintiffs have produced responsive records labeled LWC 00001-00146.
Plaintiffs also produced a list of all claims to Defendant's counsel on Monday, August 10,
2020.  All other patient claim files for LWCIT are available for review and/or copying –
terms to be worked out between the parties.

**Request No. 11:** All Documents identified or described in your responses to BCBSTX's First Set

of Interrogatories or that you relied on to formulate your responses to those Interrogatories.

    **RESPONSE:**  Plaintiffs have produced responsive records labeled LWC 00001-00146.
Plaintiffs also produced a list of all claims to Defendant's counsel on Monday, August 10,
2020.  All other patient claim files for LWCIT are available for review and/or copying –
terms to be worked out between the parties.

**Request No. 12:** All Documents that you anticipate using at trial in this Action.

      **RESPONSE:**  See response to Request No. 11.


**Request No. 13:** All Documents that you provided to, or otherwise used in consultation with, any expert witness you have retained or will retain to testify in this Action.

      **RESPONSE:**  Plaintiff LWCIT has not made final decisions regarding testifying experts yet.  Once that decision is made, it will supplement this Request.


**Request No. 14:** All Documents that relate to each category of damages you seek in the Action, as well as to your computation of each such category of damages.

      **RESPONSE:**  See response to Request No. 11.

# EXHIBIT  D-2

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE AND LYMPHEDEMA & WOUND CARE INSTITUTE OF TEXAS, INC. D/B/A LYMPHEDEMA AND WOUND CARE INSTITUTE, | § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § § | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS, | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR DOCUMENTS**

TO:     Defendant Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas, by and through its attorneys of record, Martin J. Bishop, Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110; Thomas C. Hardy (*Admitted Pro Hac Vice*), Reed Smith LLP, 10 S. Wacker Drive, 40th Floor Chicago, IL 60606; and Cheryl L. Blount (*Of Counsel*), Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110.

Plaintiffs Lymphedema & Wound Care Consultants Of America, Inc. d/b/a Lymphedema &

Wound Care Institute serves these Responses to Defendant Health Care Service Corporation d/b/a

Blue Cross & Blue Shield of Texas's First Set of Requests for Documents, pursuant to the Federal

Rules of Civil Procedure, as follows.

DATED this 17th day of August, 2020.

Respectfully submitted,

*/s/ Charles "Scott" Nichols*
**CHARLES "SCOTT" NICHOLS**
State Bar No. 14994100
NICHOLS, BRAR, WEITZNER & THOMAS LLP
P.O. Box 920837
Houston, Texas 77077292
(281) 727-8442 – Phone
snichols@nicholsbrar.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2020, a true and correct copy of the foregoing

was served on Plaintiffs' counsel of record via electronic mail:

Martin J. Bishop
State Bar No. 24086915
Fed. ID No. 2443325
mbishop@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
Thomas C. Hardy (*Pro Hac Vice*)
thardy@reedsmith.com
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2427
Facsimile: (312) 207-6400

*Attorneys-in-Charge for Defendant*

2

Cheryl L. Blount
State Bar No. 24076279
Fed. ID No. 1447148
cblount@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Of Counsel for Defendant*

_/s/ Scott Nichols_____
Scott Nichols

3

## RESPONSES TO REQUESTS FOR DOCUMENTS

**Request No. 1:** All Documents and Communications related to the Claims identified in your answer to Interrogatory No. 1, including, but not limited to, patient intake records, patient insurance cards, assignments of benefits, medical records, benefit verification records, preauthorization/precertification records, call notes or logs, call recordings, Claim forms, UB forms, remittance reports, remittance notices, transaction detail records, collection notes or collection records, and all payment and account records.

> **RESPONSE:**  Plaintiff LWCCA produced responsive records labeled LWC 00001-000146. Plaintiff LWCCA also produced a list of all claims to Defendant's counsel on Monday, August 10, 2020.  All other patient claim files for LWCCCA are available for review and or printing – terms to be worked out between the parties.

**Request No. 2:** All Documents, whether created by you or not, that you used to determine the CPT Code(s) and modifier(s) you billed for each of the Claims you identified in your answer to Interrogatory No. 1, including but not limited to, any commercial and/or uniform guidelines, training manuals, and policies and procedures.

> **RESPONSE:**  Responsive documents have been produced labeled LWC 00001-

**Request No. 3:** All fee schedules, charge master lists and/or billing or pricing schedules that contain your charges during the relevant timeframe for the services, procedures and supplies that are the subject of the Claims identified in your answer to Interrogatory No. 1.

> **RESPONSE:** Responsive documents have been produced labeled LWC 00001-00146.

**Request No. 4:** All Documents and Communications that you contend establish or support any additional amount(s) BCBSTX is obligated to pay you for the Claims identified in your answer to Interrogatory No. 1.

**RESPONSE:**  Plaintiff LWCCA produced a list of all claims including billed charges, paid amounts and balances due to Defendant's counsel on Monday, August 10, 2020. Also see contracts attached to Plaintiffs Original Verified Petition. Additional Responsive documents have been produced labeled LWC 00001-00146.

**Request No. 5:** Documents sufficient to show all amount(s) you received from Members for each of the Claims identified in your answer to Interrogatory No. 1.

**RESPONSE:**  Plaintiff LWCCA also produced a list of all claims to Defendant's counsel on Monday, August 10, 2020.  To the extent Plaintiff LWCCA may determine from its system amounts each patient paid, it will supplement this Request with that information.

**Request No. 6:** A data export from your billing or other electronic systems in Excel (and, if not capable of being exported in Excel format, then in Access or comma-delimited format) sufficient to show the following for each of the Claims identified in response to Interrogatory No. 1: Member's last name, Member's first name, date of birth, member ID number, group ID number, Claim Number, date of service, Claim's CPT Code(s), Claim's HCPCS Code(s), billed charge(s), date the Claim was submitted to BCBSTX, amount of payment received from Member, date of receipt of payment from Member, amount of payment received from BCBSTX, date of receipt of payment from BCBSTX, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX.

**RESPONSE:** Plaintiff LWCCA objects to this Request because it does not have the technology or the means to export the data requested in the format(s) requested.  LWCCA produced claims lists to Defendant's counsel on August 10, 2020.  The lists include most, if not all, of the information requested.

**Request No. 7:** All internal policies, guidelines, training materials or other Documents that Plaintiffs used for reference or training regarding CPT Codes S8950 and 97410.

5

**RESPONSE:**  Plaintiffs have produced responsive documents labeled LWC 00001-00146.

**Request No. 8:** All internal policies, guidelines, training materials or other Documents that Plaintiffs used for reference or training regarding use of CPT Codes on benefit claims for strapping services or supplies provided to patients.

**RESPONSE:**  Plaintiffs have produced responsive documents labeled LWC 00001-00146.

**Request No. 9:** All Communications between you and BCBSTX related to the Claims you identified in your answer to Interrogatory No. 1.

**RESPONSE:**   Plaintiffs have produced responsive documents labeled LWC 00001-00146.

**Request No. 10:** All Documents identified in your Rule 26(a)(1) Disclosures.

**RESPONSE:**  Plaintiffs have produced responsive records labeled LWC 00001-00146. Plaintiffs also produced a list of all claims to Defendant's counsel on Monday, August 10, 2020.  All other patient claim files for LWCCA are available for review and or printing – terms to be worked out between the parties.

**Request No. 11:** All Documents identified or described in your responses to BCBSTX's First Set of Interrogatories or that you relied on to formulate your responses to those Interrogatories.

**RESPONSE:** Plaintiffs have produced responsive records labeled LWC 00001-00146. Plaintiffs also produced a list of all claims to Defendant's counsel on Monday, August 10, 2020.  All other patient claim files for LWCCA are available for review and or printing – terms to be worked out between the parties.

**Request No. 12:** All Documents that you anticipate using at trial in this Action.

**RESPONSE:**  See response to Request No. 11.

**Request No. 13:** All Documents that you provided to, or otherwise used in consultation with, any expert witness you have retained or will retain to testify in this Action.

6

**RESPONSE:**  Plaintiff LWCCA has not made final decisions regarding testifying experts yet.  Once that decision is made, it will supplement this Request.

**Request No. 14:** All Documents that relate to each category of damages you seek in the Action, as well as to your computation of each such category of damages.

**RESPONSE:**  See response to Request No. 11.

7

# EXHIBIT  E

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

| From: | Cortes, Claudia L. |
|---|---|
| **Sent:** | Thursday, October 1, 2020 2:37 PM |
| **To:** | Scott Nichols; Zach Thomas |
| **Cc:** | Hardy, Thomas C. |
| **Subject:** | RE: spreadsheets for LWCIT |

Scott and Zach:

I am also following up on the outstanding items detailed in Tom's email from Friday, which is below.

We are awaiting both the claims spreadsheet(s) for LWCCA and all of the following missing fields on the spreadsheets for LWCIT: member ID number, Claim Number, Claim modifiers, if any, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX (see RFP 6) and the factual and legal basis for additional recovery for each claim (see Rog. 2).

Please produce these items without any further delay. Thanks,

Claudia

Claudia L. Cortes
312.207.6553
ccortes@reedsmith.com

**From:** Scott Nichols
**Sent:** Friday, September 25, 2020 3:34 PM
**To:** Hardy, Thomas C. ; Zach Thomas
**Cc:** Cortes, Claudia L.
**Subject:** RE: spreadsheets for LWCIT

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

Tom we will work on getting you access. Both spreadsheets are for LWCIT. I will get you LWCCA's soon – but it won't be ready today.

**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Sent:** Friday, September 25, 2020 3:04 PM
**To:** Zach Thomas <zthomas@nicholsbrar.com>; Scott Nichols <snichols@nicholsbrar.com>
**Cc:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** RE: spreadsheets for LWCIT

Scott and Zach:

Thanks for resending the spreadsheets. Upon review, it looks like many of the excel tools, such as filtering and sorting features, in the spreadsheet titled "Lymphedema Institute" have been disabled. Are you able to turn those features back on so that we can use and review the data?

Also, it does not look like these spreadsheets contain data indicating which claims belong to each plaintiff. Is each spreadsheet separately listing the claims of each plaintiff? If so can you please identify which spreadsheet belongs to which plaintiff and confirm that these spreadsheets now list the entire universe of claims and supersede the ones previously produced?

Lastly, both spreadsheets are missing the following fields and/or requested information: member ID number, Claim Number, Claim modifiers, if any, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX (see RFP 6) <u>and</u> the factual and legal basis for additional recovery for each claim (Rog. 2). Please provide this information by no later than September 30, 2020.

Thanks,

Tom

**Thomas C. Hardy**
*Partner*
312.207.2427 (office)
708 606 9404 (cell)
thardy@reedsmith.com

**ReedSmith** LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com

---

**From:** Zach Thomas <zthomas@nicholsbrar.com>
**Sent:** Friday, September 25, 2020 11:31 AM
**To:** Hardy, Thomas C. <THardy@ReedSmith.com>; Scott Nichols <snichols@nicholsbrar.com>
**Cc:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** RE: spreadsheets for LWCIT

EXTERNAL E-MAIL - From zthomas@nicholsbrar.com

Tom,

Please see attached.

ZT

**Zach Thomas\*** | Partner
NICHOLS BRAR WEITZNER & THOMAS LLP
Direct Dial: +1-832-316-2535
\*Licensed in Texas, California, Illinois (inactive), Missouri (inactive), and Oregon (inactive)



**Referrals are the highest compliment we receive at NBW&T.**  We welcome the opportunity to connect with your family, colleagues, and friends.

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Sent:** Friday, September 25, 2020 9:14 AM
**To:** Scott Nichols <snichols@nicholsbrar.com>
**Cc:** Zach Thomas <zthomas@nicholsbrar.com>; Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** RE: spreadsheets for LWCIT

Scott,

It looks like these spreadsheets are set up so that only I can view them. Can you please resend without that protection so that others in my firm and my client can access them?

Thanks,

Tom

**Thomas C. Hardy**
*Partner*
312.207.2427 (office)
708 606 9404 (cell)
thardy@reedsmith.com



10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com

---

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Thursday, September 24, 2020 8:49 PM

**To:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Subject:** spreadsheets for LWCIT

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

This message contains an encrypted email which can be read by opening the attachment.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

4

# EXHIBIT  F

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

| | |
|---|---|
| **From:** | Scott Nichols <snichols@nicholsbrar.com> |
| **Sent:** | Thursday, October 8, 2020 4:38 PM |
| **To:** | Cortes, Claudia L. |
| **Cc:** | Hardy, Thomas C.; Zach Thomas |
| **Subject:** | RE: spreadsheets for LWCIT |

<mark>EXTERNAL E-MAIL - From snichols@nicholsbrar.com</mark>

I spoke with Tom today.  LWCCA has so much information it's going to take a little longer. Your vendor can pick up LWCIT boxes at 1:00 pm tomorrow.

**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com



NICHOLS BRAR
WEITZNER & THOMAS LLP

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Sent:** Thursday, October 8, 2020 4:20 PM
**To:** Scott Nichols <snichols@nicholsbrar.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** RE: spreadsheets for LWCIT

Hi Scott:

Since I have to coordinate with our vendor, would you please kindly confirm that he can retrieve the boxes from both locations tomorrow? Your response on this is highly appreciated.

We are also awaiting the claims list for LWCCA as well as the missing data on the LWCIT spreadsheets. Can you give us a date certain when you would be providing this information that we have been requesting for months now?

Thank you,

Claudia

Claudia L. Cortes
312.207.6553

1

ccortes@reedsmith.com

---

**From:** Cortes, Claudia L.
**Sent:** Thursday, October 8, 2020 10:14 AM
**To:** 'Scott Nichols' <snichols@nicholsbrar.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** RE: spreadsheets for LWCIT

Hi Scott:

I checked with our vendor and he reports that no boxes were retrieved yesterday from LWCIT.

We need a day for our vendor to retrieve the boxes from both locations as they cannot make two trips. Can they visit both places tomorrow?

Please confirm as soon as possible. Thanks,

Claudia

Claudia L. Cortes
312.207.6553
ccortes@reedsmith.com

---

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Thursday, October 8, 2020 8:12 AM
**To:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** RE: spreadsheets for LWCIT

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

Checking on LWCCA.  It's my understanding your vendor retrieved boxes from LWCIT yesterday.

**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Sent:** Wednesday, October 7, 2020 4:48 PM
**To:** Scott Nichols <snichols@nicholsbrar.com>

2

**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** RE: spreadsheets for LWCIT

Scott:

Thanks. Can you confirm that our vendor can collect the boxes to be scanned tomorrow at both locations? What time(s) would work for your clients? Thanks,

Claudia

Claudia L. Cortes
312.207.6553
ccortes@reedsmith.com

---

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Wednesday, October 7, 2020 1:50 PM
**To:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** Re: spreadsheets for LWCIT

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

LWCCA is not possible today.

Sent from my iPhone

On Oct 7, 2020, at 1:48 PM, Cortes, Claudia L. <CCortes@reedsmith.com> wrote:

Scott:

We will have a vendor stop by LWCIT today at 3 pm to take a look at the boxes. Can the vendor visit the LWCCA location as well today?

We also plan to have the vendor pick up the boxes tomorrow for scanning. Please confirm that this would work.

Thanks,

Claudia

Claudia L. Cortes
312.207.6553
ccortes@reedsmith.com

3

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Wednesday, October 7, 2020 8:19 AM
**To:** Hardy, Thomas C. <THardy@ReedSmith.com>; Cortes, Claudia L. <CCortes@ReedSmith.com>
**Cc:** Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** RE: spreadsheets for LWCIT

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

Tom – LWCIT is available today.  Ask for Sue Morgan or Ryan Chuston.  3:00 pm is the best time for them.  I don't know about LWCCA yet.


**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com
<image001.png>

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.


**From:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Sent:** Tuesday, October 6, 2020 8:49 AM
**To:** Scott Nichols <snichols@nicholsbrar.com>; Cortes, Claudia L. <CCortes@ReedSmith.com>
**Cc:** Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** RE: spreadsheets for LWCIT

Thanks, Scott. Can you let us know regarding the additional items in Claudia's email below – the LWCCA spreadsheet and additional data we requested for the LWCIT spreadsheet?

Tom

**Thomas C. Hardy**
*Partner*
312.207.2427 (office)
708 606 9404 (cell)
thardy@reedsmith.com

**ReedSmith** LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com


**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Monday, October 5, 2020 9:38 PM
**To:** Cortes, Claudia L. <CCortes@ReedSmith.com>

**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** RE: spreadsheets for LWCIT

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

Claudia, LWCIT will have about 5 boxes and LWCCA will have 8 to 10 boxes.  The addresses are:

1. LWCIT: 17300 Mercury, Suite 200, Houston, Texas 77058
2. LWCCA:  16888 Highway 3, Webster, TX 77598 (Webster is near Houston)

I think you can do both in one day.

Scott


**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com
<image001.png>

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Sent:** Thursday, October 1, 2020 2:37 PM
**To:** Scott Nichols <snichols@nicholsbrar.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Subject:** RE: spreadsheets for LWCIT

Scott and Zach:

I am also following up on the outstanding items detailed in Tom's email from Friday, which is below.

We are awaiting both the claims spreadsheet(s) for LWCCA and all of the following missing fields on the spreadsheets for LWCIT: member ID number, Claim Number, Claim modifiers, if any, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX (see RFP 6) and the factual and legal basis for additional recovery for each claim (see Rog. 2).

Please produce these items without any further delay. Thanks,

Claudia

Claudia L. Cortes
312.207.6553
ccortes@reedsmith.com

---

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Friday, September 25, 2020 3:34 PM

**To:** Hardy, Thomas C. <THardy@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Cc:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** RE: spreadsheets for LWCIT

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

Tom we will work on getting you access.  Both spreadsheets are for LWCIT.  I will get you LWCCA's soon – but it won't be ready today.


**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com
<image001.png>

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.


**From:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Sent:** Friday, September 25, 2020 3:04 PM
**To:** Zach Thomas <zthomas@nicholsbrar.com>; Scott Nichols <snichols@nicholsbrar.com>
**Cc:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** RE: spreadsheets for LWCIT

Scott and Zach:

Thanks for resending the spreadsheets. Upon review, it looks like many of the excel tools, such as filtering and sorting features, in the spreadsheet titled "Lymphedema Institute" have been disabled. Are you able to turn those features back on so that we can use and review the data?

Also, it does not look like these spreadsheets contain data indicating which claims belong to each plaintiff. Is each spreadsheet separately listing the claims of each plaintiff? If so can you please identify which spreadsheet belongs to which plaintiff and confirm that these spreadsheets now list the entire universe of claims and supersede the ones previously produced?

Lastly, both spreadsheets are missing the following fields and/or requested information: member ID number, Claim Number, Claim modifiers, if any, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX (see RFP 6) and the factual and legal basis for additional recovery for each claim (Rog. 2). Please provide this information by no later than September 30, 2020.

Thanks,

Tom

**Thomas C. Hardy**
*Partner*
312.207.2427 (office)

6

708 606 9404 (cell)
thardy@reedsmith.com

**ReedSmith** LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com

---

**From:** Zach Thomas <zthomas@nicholsbrar.com>
**Sent:** Friday, September 25, 2020 11:31 AM
**To:** Hardy, Thomas C. <THardy@ReedSmith.com>; Scott Nichols <snichols@nicholsbrar.com>
**Cc:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** RE: spreadsheets for LWCIT

EXTERNAL E-MAIL - From zthomas@nicholsbrar.com

Tom,

Please see attached.

ZT

**Zach Thomas\*** | Partner
NICHOLS BRAR WEITZNER & THOMAS LLP
Direct Dial: +1-832-316-2535
*Licensed in Texas, California, Illinois (inactive), Missouri (inactive), and Oregon (inactive)
<image002.png>
**Referrals are the highest compliment we receive at NBW&T.** We welcome the opportunity to connect with your family, colleagues, and friends.

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Sent:** Friday, September 25, 2020 9:14 AM
**To:** Scott Nichols <snichols@nicholsbrar.com>
**Cc:** Zach Thomas <zthomas@nicholsbrar.com>; Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** RE: spreadsheets for LWCIT

Scott,

It looks like these spreadsheets are set up so that only I can view them. Can you please resend without that protection so that others in my firm and my client can access them?

Thanks,

7

Tom

**Thomas C. Hardy**
*Partner*
312.207.2427 (office)
708 606 9404 (cell)
thardy@reedsmith.com

**Reed**Smith LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com

---

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Thursday, September 24, 2020 8:49 PM
**To:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Subject:** spreadsheets for LWCIT

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

This message contains an encrypted email which can be read by opening the attachment.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

8

# EXHIBIT  G

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

| From: | Hardy, Thomas C. |
|---|---|
| Sent: | Monday, November 16, 2020 8:06 AM |
| To: | Scott Nichols |
| Cc: | Zach Thomas; Cortes, Claudia L. |
| Subject: | RE: Lymphedema |

Scott,

I need to know about Drs. Share, Burkes and Adolf sooner than 11/24, since their depositions are noticed for this week. Can you also provide me a date certain by which you will provide: (i) LWCCA's claims spreadsheet and document production; (ii) a proposed amended complaint to consider; (iii) available deposition dates for the various deponents listed below, including your expert? Given the short time left for remaining discovery, we need to get this soon. I don't want to have to file a motion to compel or start noticing depositions without coordinating on dates, but we will reach a point very soon where I have no choice.

Tom

**Thomas C. Hardy**
*Partner*
pronouns – *he/him/his*
312.207.2427 (office)
708 606 9404 (cell)
thardy@reedsmith.com


**ReedSmith** LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com


**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Sunday, November 15, 2020 10:49 PM
**To:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Cc:** Zach Thomas <zthomas@nicholsbrar.com>; Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** RE: Lymphedema

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

Hi Tom – working on it. I begin my arbitration on Tuesday.  I will be done, I think, Monday November 23.  Can we talk on the 24th?


**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Sent:** Wednesday, November 11, 2020 8:57 AM
**To:** Scott Nichols <snichols@nicholsbrar.com>
**Cc:** Zach Thomas <zthomas@nicholsbrar.com>; Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** Lymphedema

Scott,

Per my previous emails, there are a number of outstanding discovery items that we need to address ASAP given current deadlines and the upcoming holidays.

**First**, we have been waiting for weeks for you to provide the documents and spreadsheet information regarding LWCCA's claims that you have agreed to produce. We need to get those this week. Please advise where that stands.

**Second**, are you still planning to seek leave to amend your clients' complaint? You told me previously that LWCCA is not claiming that it was incorrectly paid for its claims as they were billed, but rather that it had omitted codes from its claims at BCBSTX's request that it believes it should have included and been separately paid for. That obviously is not what LWCCA currently alleges and is not consistent with its discovery responses. Please advise where this stands.

**Third**, we need to depose your expert, Jamie Claypool. Please provide her available dates during the weeks of November 23, 30 and December 7.

**Fourth**, we served deposition notices for Drs. Share, Adolf and Burkes on November 3, setting their depositions for November 17 and 18. Please confirm you will present them at the times indicated on the notices, or let me know if those times will not work so we can make other arrangements.

**Fifth**, we also need to schedule depositions of Ryan Chuston, Erin Hamilton, Susan Morgan, Jana Sever, Stacy Martin, Suzette Thompson, Martha Randall, Ray Trusty, Alexander Tartol, Shanna McKinley, Dr. Shahnaz Karim, and Jeff VanZuyt. I'd like to coordinate those with you over the next few days rather than simply send notices with dates of our choosing. For those witnesses who are associated with LWCCA, we will need to have LWCCA's discovery production before we depose them.

I am available this afternoon if you would like to discuss any of the above.

Regards,

Tom

**Thomas C. Hardy**
*Partner*

pronouns – *he/him/his*
312.207.2427 (office)
708 606 9404 (cell)
thardy@reedsmith.com

## ReedSmith LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

3

# EXHIBIT  H

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**ReedSmith**

Driving progress
through partnership
**Thomas C. Hardy**
Direct Phone:  +1 312 207 2427
Email:  thardy@reedsmith.com

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400
reedsmith.com

November 18, 2020

**Via Email (snichols@nicholsbrar.com)**

Scott Nichols, Esq.
Nichols Brar Weitzner & Thomas LLP
PO Box #920837 Houston,
Texas 77292

**RE: *Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema and Wound Care Institute, et al. v. Health Care Service Corporation, d/b/a Blue Cross and Blue Shield of Texas*, Case No. 3:19-cv-02164-X**

Scott,

I write once again regarding Plaintiffs Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema and Wound Care Institute's ("LWCCA") and Lymphedema & Wound Care Institute of Texas, Inc. d/b/a Lymphedema and Wound Care Institute's ("LWCIT") (collectively, "Plaintiffs") outstanding initial disclosures and continued deficient responses to Defendant Health Care Service Corporation, a mutual legal reserve company doing business in Texas as Blue Cross and Blue Shield of Texas's ("BCBSTX") discovery requests.

Initial Disclosures

As of today's date, neither LWCCA nor LWCIT has made the initial disclosures required under Federal Rule of Civil Procedure 26(a), which were due within 14 days of the parties' Rule 26(f) conference, and despite my letter from September 15, 2020, requesting that Plaintiffs make the required disclosures by no later than Friday, September 18, 2020.

Plaintiffs' continuous disregard of their discovery obligations and the applicable discovery rules is unjustifiable. If Plaintiffs' initial disclosures are not made by this **Friday, November 20, 2020**, we will consider available remedies in response.

Disputed Claims

Despite numerous requests that Plaintiffs identify the claims at issue and produce spreadsheets identifying such claims, Plaintiffs still have yet to produce such spreadsheets, identifying all of the information requested.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Page 069

ReedSmith

Specifically, RFP No. 6 requested that Plaintiffs produce a data export in Excel (or, if not available in Excel format, then in Access or comma-delineated format) sufficient to show the following for each of the Claims[1] at issue in the Action: the Member's last name, Member's first name, date of birth, member ID number, group ID number, Claim Number, date of service, Claim's CPT Code(s), Claim's HCPCS Code(s), billed charge(s), date the Claim was submitted to BCBSTX, amount of payment received from Member, date of receipt of payment from Member, amount of payment received from BCBSTX, date of receipt of payment from BCBSTX, amount(s) of any subsequent payment(s) received from BCBSTX, and date(s) of receipt of any such subsequent payment(s) from BCBSTX.

In response to this RFP, **LWCIT** produced two updated spreadsheets titled "Lymphedema Wound Care Institute" and "Lymphedema Institute" on October 30, 2020, after producing various other deficient spreadsheets. ███████████, and during conversations you and I had, LWCIT clarified that the only claims it is putting at issue in this lawsuit are those claims it billed to BCBSTX with both CPT Code 97140 and HCPCS Code S8950. However, upon review of LWCIT's latest spreadsheets, we have discovered that the spreadsheets list claims that do not include both of these two codes. First, out of the 17,176 lines included in the "Lymphedema Wound Care Institute" spreadsheet, 565 dates of service (2,814 lines) only include one of the two codes and 880 dates of service (2,595 lines) do not include either of the two codes, but instead include other codes not at issue, including what appear to be strapping codes. Second, out of the 22,857 lines included in the "Lymphedema Institute" spreadsheet, 558 dates of service (2,895 lines) only include one of the two codes, while 1,236 dates of service (3,033 lines) do not include either of the two codes, but instead include other codes not at issue, including what appear to be strapping codes.

LWCIT must provide an explanation as to why it has included in its spreadsheets claims other than claims involving both CPT Code 97140 and HCPCS Code S8950.  BCBSTX demands that this explanation be provided by no later than **November 23, 2020**. If LWCIT has included claims not at issue in the produced spreadsheet, BCBSTX demands that LWCIT identify those claims.

BCBSTX served an identical RFP No. 6 on LWCCA, but LWCCA has not yet served any information or documents in response to BCBSTX's request, despite agreeing to do so. BCBSTX hereby demands that it also do so by **November 23, 2020**.

In addition, BCBSTX asks that Plaintiffs include in their spreadsheets all of the data requested in RFP No. 6 that remain outstanding immediately. The data must also include information responsive to Interrogatory No. 2 (a) and (c), which requested that Plaintiffs identify "the factual and legal basis" for any additional amount Plaintiffs claim are entitled for "each Claim."  Plaintiffs' generic answer that they are entitled to additional payments because, among other things, BCBSTX purportedly placed Plaintiffs in pre-payment review for certain unidentified Claims, wrongly recouped money for other unidentified Claims, and/or "bundled" some other unidentified Claims is non-responsive and does not identify which claims are impacted by which theory of liability or recovery. Interrogatory No. 2 (a) and (c), to which Plaintiffs did not object, requires that Plaintiffs identify the factual and legal bases that entitle Plaintiffs to additional relief for *each Claim*. This requires that Plaintiffs state, for example, that BCBSTX wrongly "bundled" services and the factual and legal basis for such a contention for each Claim. BCBSTX hereby demands that Plaintiffs do so by **November 23, 2020**.

---

[1] "Claim" refers to any medical claim or invoice submitted by Plaintiffs to BCBSTX for payment.

-2-

ReedSmith

<u>The Provisions of the LWCCA and LWCIT Agreements that Plaintiffs Allege Entitle Plaintiffs to Relief</u>

Interrogatory No. 2 (d) asks that Plaintiffs identify each provision in the LWCCA Agreement or LWCIT Agreement that supports Plaintiffs' claim to any additional amounts for each Claim. Plaintiffs did not object to this Interrogatory. However, and as described on my September 15, 2020 Letter, Plaintiffs' responses are still outstanding. Please supplement those responses by **Monday, November 23, 2020**.

<u>Documents Available for Review and Printing</u>

Plaintiffs' response to RFP Nos. 12 and 14 indicate that all responsive documents either have been produced in Plaintiffs' production Bates-stamped LWC 00001-00146 (the "Production"), or are available for review and printing under "terms to be worked out between the parties."

We have communicated with you on multiple occasions since August requesting that LWCCA provide a time and place for its documents to be inspected and, to date, LWCCA has failed to provide such a date. We need a date to review the documents as soon as possible. If we do not get a date certain by **Friday, November 20, 2020**, we will consider available remedies to us, including seeking the Court's intervention.

With regard to the documents LWCIT made available for inspection, we have reviewed them and have confirmed that we only received medical records for <u>two patients</u> on the "Lymphedema Wound Care Institute" spreadsheet: ███████████ and ███████████. With regards to the patients listed on the "Lymphedema Institute" spreadsheet, we only received complete records for <u>two patients</u>—███████ ████████ and ███████████—and only partial (and incomplete) records for the patients on the attached list.

LWCIT's production of medical records for each of the patients listed on both spreadsheets must be supplemented immediately and, in no event, any later than **Monday, November 23, 2020**.

<u>Reservation of Rights</u>

This letter, and the issues outlined in it are not exhaustive. BCBSTX does not waive its right to inspect documents not addressed here and/or raise any additional deficiencies in Plaintiffs' discovery responses to BCBSTX's first set of discovery requests; rather, BCBSTX's expressly reserves all rights, including its right to compel discovery not directly addressed in this letter.

\* \* \* \*

Again, I am available to discuss any of the foregoing this week. Please do not hesitate to reach out if a discussion would be helpful to address these issues.

Regards,

Thomas C. Hardy

TCH:cj

cc:     Zach Thomas, Esq.

-3-

**ATTACHMENT**

- For the following patients we received partial medical records, we did not receive medical records for the following Dates of Service:

    - ███████████
        - 03/22/2019
        - 04/02/2019
        - 04/04/2019
        - 04/05/2019
        - 04/08/2019
        - 04/09/2019
        - 04/12/2019
        - 04/15/2019
        - 04/17/2019
        - 04/19/2019
        - 04/22/2019
        - 04/25/2019
        - 05/08/2019
    - ███████████
        - 03/27/2018
        - 04/24/2018
        - 04/25/2018
        - 05/07/2018
        - 11/05/2018
    - ███████████
        - 08/29/2018
        - 09/24/2018
        - 09/25/2018
        - 09/28/2018
        - 10/01/2018
        - 10/05/2018
        - 10/08/2018
        - 10/12/2018
        - 10/15/2018
        - 10/16/2018
        - 10/19/2018
        - 10/22/2018
        - 10/23/2018
        - 10/26/2018
        - 10/29/2018
        - 10/31/2018
        - 12/12/2018
    - ███████████
        - 04/27/2018
        - 09/26/2018

ReedSmith

- ■ 11/12/2018
- ■ 01/04/2019
- ■ 01/21/2019
- ○ ██████████
  - ■ 04/17/2019
  - ■ 04/26/2019
  - ■ 04/29/2019
  - ■ 05/01/2019
  - ■ 05/03/2019
  - ■ 05/08/2019
  - ■ 05/10/2019
  - ■ 05/13/2019
  - ■ 05/15/2019
  - ■ 05/17/2019
  - ■ 05/20/2019
  - ■ 05/21/2019
- ○ ████████
  - ■ 11/06/2018
- ○ ██████████
  - ■ 09/13/2018
  - ■ 09/17/2018
  - ■ 09/19/2018
  - ■ 09/20/2018
  - ■ 09/24/2018
  - ■ 09/27/2018
  - ■ 10/01/2018
  - ■ 10/10/2018
  - ■ 10/15/2018
  - ■ 10/17/2018
- ○ ████████
  - ■ 10/17/2018
  - ■ 11/08/2018
  - ■ 11/27/2018
  - ■ 12/14/2018
  - ■ 12/28/2018
  - ■ 01/02/2019
  - ■ 01/04/2019
  - ■ 01/08/2019
  - ■ 02/28/2019
  - ■ 08/29/2019
- ○ █████████
  - ■ 01/21/2019
  - ■ 03/15/2019
- ○ ██████████
  - ■ 05/25/2018
  - ■ 08/01/2018
  - ■ 08/22/2018

ReedSmith

- ████████████
  - 07/10/2018
  - 07/30/2018
  - 08/02/2018
  - 08/03/2018
  - 08/06/2018
  - 08/08/2018
  - 08/09/2018
  - 08/10/2018
  - 08/13/2018
  - 08/15/2018
  - 08/16/2018
  - 08/17/2018
  - 08/20/2018
  - 08/22/2018
  - 08/23/2018
  - 08/24/2018
  - 08/27/2018
  - 08/29/2018
  - 08/30/2018
  - 08/31/2018
  - 09/04/2018
  - 10/16/2018
- ████████████
  - 07/11/2018
  - 08/10/2018
  - 08/13/2018
- ████████████
  - 07/25/2018
  - 09/05/2018
  - 10/17/2018
  - 01/22/2019
  - 07/31/2019
- ████████████
  - 02/14/2019
  - 02/18/2019
  - 02/20/2019
  - 04/03/2019
  - 04/10/2019
- ████████████
  - 09/18/2018
  - 10/08/2018
  - 10/09/2018
  - 10/11/2018
  - 10/12/2018
  - 10/22/2018
  - 10/26/2018

ReedSmith

- ████████████
  - 10/03/2016
  - 10/25/2016
  - 10/27/2016
  - 10/31/2016
  - 11/02/2016
  - 11/04/2016
  - 11/07/2016
  - 11/09/2016
  - 11/11/2016
  - 11/18/2016
  - 11/21/2016
  - 11/28/2016
  - 12/01/2016
  - 12/14/2016
  - 12/15/2016
  - 12/16/2016
  - 02/27/2019
  - 03/07/2019
  - 03/18/2019
  - 03/20/2019
  - 03/25/2019
  - 03/28/2019
  - 04/04/2019
- ████████████
  - 11/02/2018
  - 12/21/2018
  - 01/17/2019
  - 01/21/2019
  - 04/24/2019
- ████████████
  - 05/02/2018
  - 07/09/2018
  - 07/10/2018
  - 07/12/2018
  - 07/13/2018
  - 07/16/2018
  - 07/17/2018
  - 07/19/2018
  - 07/20/2018
  - 07/23/2018
  - 07/24/2018
  - 07/25/2018
  - 07/27/2018
  - 07/30/2018
  - 08/01/2018
  - 08/02/2018

ReedSmith

- 08/03/2018
- 08/06/2018
- 08/07/2018
- 08/09/2018
- 08/10/2018
- 08/14/2018
- 08/16/2018
- 08/17/2018
- 08/20/2018
- 08/23/2018
- 08/24/2018
- 08/27/2018
- 08/29/2018
- 08/31/2018
- 09/04/2018
- 09/06/2018
- 09/07/2018
- 09/19/2018
- 10/30/2018
- 04/10/2019

# EXHIBIT  I

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

| | |
|---|---|
| **From:** | Cortes, Claudia L. |
| **Sent:** | Tuesday, December 1, 2020 2:41 PM |
| **To:** | Scott Nichols; Zach Thomas |
| **Cc:** | Hardy, Thomas C. |
| **Subject:** | RE: Lymphedema v. BCBSTX's |

Scott:

Do you have dates for the notices of deposition of Erin Hamilton, Dr. Karim, Jeff VanZuyt, Ryan Chuston, Shanna McKinley, Plaintiffs' corporate representative(s) and Jamie Claypool we sent you on 11/23 and for which we have asked you for dates numerous times?

In addition, do you have responses to the following items Tom has brought to your attention on several occasions:

> **First**, we have been waiting for weeks for you to provide the documents and spreadsheet information regarding LWCCA's claims that you had agreed to produce long ago. When are you going to produce this information?

> **Second**, are you still planning to seek leave to amend your clients' complaint? You told Tom previously that LWCCA is not claiming that it was incorrectly paid for its claims as they were billed, but rather that it had omitted codes from its claims at BCBSTX's request that it believes it should have included and been separately paid for. That obviously is not what LWCCA currently alleges and is not consistent with its discovery responses. Please advise where this stands.

Further, we sent you a letter on November 18, 2020, outlining multiple outstanding discovery deficiencies.  We asked that plaintiffs address those by no later than 11/23 but they failed to do so.

When can we expect answers to all of the foregoing, Scott?

Claudia

Claudia L. Cortes
312.207.6553
ccortes@reedsmith.com

---

**From:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Sent:** Friday, November 27, 2020 3:25 PM
**To:** Scott Nichols <snichols@nicholsbrar.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Subject:** RE: Lymphedema v. BCBSTX's

Burkes, Share and Adolf have been served with subpoenas to appear for their depositions. We served you copies of those  on Monday.

In addition to the notices of deposition we sent you, BCBSTX is reserving its rights to serve additional ones for other individuals, including any doctors.

Do you have dates for the notices we sent you?

1

Claudia


Sent with BlackBerry Work
([www.blackberry.com](www.blackberry.com))

---

**From:** Scott Nichols <[snichols@nicholsbrar.com](snichols@nicholsbrar.com)>
**Date:** Friday, Nov 27, 2020, 11:20 AM
**To:** Cortes, Claudia L. <[CCortes@ReedSmith.com](CCortes@ReedSmith.com)>, Zach Thomas <[zthomas@nicholsbrar.com](zthomas@nicholsbrar.com)>
**Cc:** Hardy, Thomas C. <[THardy@ReedSmith.com](THardy@ReedSmith.com)>
**Subject:** RE: Lymphedema v. BCBSTX's

<mark>EXTERNAL E-MAIL - From [snichols@nicholsbrar.com](snichols@nicholsbrar.com)</mark>

Claudia – I finished an arbitration late Monday.  There were notices of depo for other doctors previously.  What happened to those?


**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
[snichols@nicholsbrar.com](snichols@nicholsbrar.com) | [www.nicholsbrar.com](www.nicholsbrar.com)



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Cortes, Claudia L. <[CCortes@ReedSmith.com](CCortes@ReedSmith.com)>
**Sent:** Monday, November 23, 2020 8:29 PM
**To:** Scott Nichols <[snichols@nicholsbrar.com](snichols@nicholsbrar.com)>; Zach Thomas <[zthomas@nicholsbrar.com](zthomas@nicholsbrar.com)>
**Cc:** Hardy, Thomas C. <[THardy@ReedSmith.com](THardy@ReedSmith.com)>
**Subject:** Lymphedema v. BCBSTX's

Scott,

Please see the attached notices of deposition of Erin Hamilton, Dr. Karim, Jeff VanZuyt, Ryan Chuston, Shanna McKinley, Plaintiffs' corporate representative(s) and Jamie Claypool.

We have previously attempted to get deposition dates from you for these witnesses but, you have not responded with any dates. We have left the dates blank on the attached notices for now to give you a final opportunity to provide dates.  If we do not hear from you by the end of the week, we will have no choice but to select the dates ourselves.

Please note that this is not an exhaustive list of BCBSTX's deposition notices and that BCBSTX is reserving its right to seek additional depositions particularly since Plaintiffs have yet to serve their initial disclosures.

Claudia

**Claudia L. Cortes**| Associate |  Global Commercial Disputes | **Reed Smith LLP** |
10 S. Wacker Drive, 40th Floor, Chicago, IL 60606 |
O: 312.207.6553 |C: 630.615.9694 | **CCortes@ReedSmith.com**

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT  J

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

| From: | Hardy, Thomas C. |
|---|---|
| **Sent:** | Friday, December 11, 2020 9:18 AM |
| **To:** | Scott Nichols |
| **Cc:** | Zach Thomas; Cortes, Claudia L. |
| **Subject:** | RE: Lymphedema v. BCBSTX's |

Scott,

Last week you said you would be having a "direct conversation" with your clients this week, and asked us to give you a little additional time on the various outstanding discovery items you owe us. You said you would have deposition dates for your expert and the employees we have noticed after your conversation with your clients. Please advise where that stands, as we need to get the depositions scheduled ASAP. Please also advise regarding LWCCA's document production and claims spreadsheet, as well as whether or not you intend to supplement its written discovery responses in light of the apparent change in LWCCA's legal and factual theories.

Happy to discuss any of the above.

Tom

**Thomas C. Hardy**
*Partner*
pronouns – *he/him/his*
312.207.2427 (office)
708 606 9404 (cell)
thardy@reedsmith.com

**ReedSmith** LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com

---

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Tuesday, December 1, 2020 4:37 PM
**To:** Cortes, Claudia L. <CCortes@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Subject:** RE: Lymphedema v. BCBSTX's

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

Claudia and Tom – I just left you both vms.  Please call when you can. 281-727-8442.

**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com

1



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Scott Nichols
**Sent:** Friday, November 27, 2020 11:20 AM
**To:** Cortes, Claudia L. <CCortes@ReedSmith.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Subject:** RE: Lymphedema v. BCBSTX's

Claudia – I finished an arbitration late Monday.  There were notices of depo for other doctors previously.  What happened to those?


**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Sent:** Monday, November 23, 2020 8:29 PM
**To:** Scott Nichols <snichols@nicholsbrar.com>; Zach Thomas <zthomas@nicholsbrar.com>
**Cc:** Hardy, Thomas C. <THardy@ReedSmith.com>
**Subject:** Lymphedema v. BCBSTX's

Scott,

Please see the attached notices of deposition of Erin Hamilton, Dr. Karim, Jeff VanZuyt, Ryan Chuston, Shanna McKinley, Plaintiffs' corporate representative(s) and Jamie Claypool.

We have previously attempted to get deposition dates from you for these witnesses but, you have not responded with any dates. We have left the dates blank on the attached notices for now to give you a final opportunity to provide dates.  If we do not hear from you by the end of the week, we will have no choice but to select the dates ourselves.

Please note that this is not an exhaustive list of BCBSTX's deposition notices and that BCBSTX is reserving its right to seek additional depositions particularly since Plaintiffs have yet to serve their initial disclosures.

Claudia

**Claudia L. Cortes**| Associate | Global Commercial Disputes | **Reed Smith LLP** |
10 S. Wacker Drive, 40th Floor, Chicago, IL 60606 |
O: 312.207.6553 |C: 630.615.9694 | **CCortes@ReedSmith.com**

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# EXHIBIT  K

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

| | |
|---|---|
| **From:** | Hardy, Thomas C. |
| **Sent:** | Wednesday, December 30, 2020 1:45 PM |
| **To:** | Scott Nichols |
| **Cc:** | Zach Thomas; Cortes, Claudia L. |
| **Subject:** | RE: LWCCA |

Scott,

First, I'm following up with you on the issues regarding the LWCCA spreadsheets laid out below. Please let us know if the spreadsheets include all of the claims LWCCA contends are at issue, and please also provide unlocked spreadsheets as soon as possible.

We are also still waiting on what seems to be the bulk of LWCCA's document production – namely, the medical records that you indicated on 12/24 should be available electronically. We need to receive those and all other documents LWCCA has yet to produce as soon as possible, given upcoming deadlines and depositions. We also asked you on 12/22 to produce spreadsheets with the additional fields we had requested or confirm that LWCCA does not possess the information – please let me know on that one way or the other.

Regarding the spreadsheets you provided this morning for LWCIT, we're confused by what they are meant to be. I saw your email suggesting an informal call with Mr. Chuston to discuss them, but the spreadsheets clearly do not include any of the information we identified as missing from prior spreadsheets—principally, for each claim, the legal and factual bases for LWCIT's allegation that it is owed more money. LWCIT did not object to producing that information, and Mr. Chuston testified yesterday that it possesses and can provide that information. We need that very basic information, which we've been seeking for several months. Please advise if and when LWCIT intends to produce that information.

Also, LWCIT has yet to respond to BCBSTX's second set of discovery requests, though its responses were due some time ago. Please provide its responses as soon as possible.

Given the 1/6 discovery deadline and your clients' failure to deliver on repeated promises to provide the discovery, my client has no choice but to file a motion to compel if this discovery is not produced to us immediately. Please let me know today if and when we'll receive it.

Tom

**Thomas C. Hardy**
*Partner*
pronouns – *he/him/his*
312.207.2427 (office)
708 606 9404 (cell)
thardy@reedsmith.com

**Reed**Smith LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Phone: 312.207.1000
Fax: 312.207.6400
www.reedsmith.com

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Thursday, December 24, 2020 1:15 PM
**To:** Cortes, Claudia L. <CCortes@ReedSmith.com>; Hardy, Thomas C. <THardy@ReedSmith.com>
**Cc:** Zach Thomas <zthomas@nicholsbrar.com>
**Subject:** RE: LWCCA

EXTERNAL E-MAIL - From snichols@nicholsbrar.com

Hi Claudia.  Thanks for your email.  It seems we always have problems with the spreadsheets we provide to you being locked.  I will try to figure that one out.  I believe the spreadsheets are all of the claims, but will confirm.  In terms of making all of the medical records available to you, I am checking in to that.  I believe they will be made available electronically.

Other documents – the CIA, the LWCCA organizational chart and LWCCA ownership document I have ready now, but I need to get them numbered.  Today is rough because it's Christmas Eve.  I will try but for sure by Monday.

What is the status of Ryan Chuston's depo and the others scheduled for next week.  While I filed a motion to withdraw as counsel for LWCIT, I remain counsel until the Court rules otherwise.

Thank you.


**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.



**From:** Cortes, Claudia L. <CCortes@ReedSmith.com>
**Sent:** Thursday, December 24, 2020 10:25 AM
**To:** Scott Nichols <snichols@nicholsbrar.com>; Hardy, Thomas C. <THardy@ReedSmith.com>
**Subject:** RE: LWCCA

Scott:

We will take the deposition of Jamie Claypool as scheduled.

We can hold off for now on the deposition of LWCCA and Erin Hamilton since we are waiting for LWCCA's documents. But, discovery closes on January 6th and, therefore, a complete production of all of LWCCA's documents needs to be made by then. When can we expect a complete production of LWCCA's documents so that we can determine new dates for LWCCA's and Ms. Hamilton's deps?

2

With regards to your request that we agree to treat certain documents LWCCA has agreed to produce as "confidential-attorneys' eyes only," we refer you to the protective order entered in this case. If LWCCA thinks that the documents meet the designation requirements under the terms protective order, it can go ahead and designate. But, we are reserving our rights under the protective order to challenge that designation.

And finally, please confirm that the spreadsheets titled "Lymphedema Billing Data from 01012014" and "Lymphedema Billing Data from 01012014 (1)" contain all of the claims LWCCA is putting at issue in this litigation and that no other spreadsheets are forthcoming.  If these are the spreadsheets with the claims at issue, can you please explain why they include billings codes other than the 97140 and S8950?

And, the spreadsheets are locked. Can we get versions that allow us to sort, filter and the like?

Thank you and Happy Holidays.

Claudia L. Cortes
312.207.6553
ccortes@reedsmith.com

---

**From:** Scott Nichols <snichols@nicholsbrar.com>
**Sent:** Tuesday, December 22, 2020 11:08 PM
**To:** Hardy, Thomas C. <THardy@ReedSmith.com>; Cortes, Claudia L. <CCortes@ReedSmith.com>
**Subject:** LWCCA

<mark>EXTERNAL E-MAIL - From snichols@nicholsbrar.com</mark>

Tom and Claudia – see LWCCA's objections and responses/answers to Defendants' Second Discovery Requests.  Obviously we owe you documents.

Also, as discussed with Tom earlier today – Erin Hamilton is available as corporate representative for LWCCA and individually for those depositions as scheduled next week.  Shanna McKinley is not available next week due to serious medical issues which hopefully will be resolved so that her deposition may go forward the second week in January.  Jamie Claypool is available as scheduled for her deposition as an expert for LWCCA.

I am unable to confirm Ryan Chuston's or LWCIT's corporate representative deposition at this time.  I am unfamiliar with the others who were noticed.

If you want to reschedule Erin's deposition to a different date, let me know.  I am open to extending the discovery deadline past January 6.

Scott

**Scott Nichols** | Partner
Nichols Brar Weitzner & Thomas LLP
Direct Dial: 281-727-8442
snichols@nicholsbrar.com | www.nicholsbrar.com



NICHOLS BRAR
WEITZNER & THOMAS LLP

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

4

# EXHIBIT  L

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE | § | |
| CONSULTANTS OF AMERICA, INC. | § | |
| D/B/A LYMPHEDEMA & WOUND CARE | § | |
| INSTITUTE AND LYMPHEDEMA & | § | |
| WOUND CARE INSTITUTE OF TEXAS, | § | |
| INC. D/B/A LYMPHEDEMA AND | § | |
| WOUND CARE INSTITUTE, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § | |
| | § | |
| HEALTH CARE SERVICE | § | |
| CORPORATION d/b/a BLUE CROSS & | § | |
| BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT HEALTH CARE SERVICE CORPORATION'S
SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company that does business in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX"), by and through its counsel, Reed Smith LLP, propounds the following Interrogatories on Plaintiffs Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute and Lymphedema & Wound Care Institute of Texas, Inc., d/b/a Lymphedema & Wound Care Institute, which must be answered under oath and within thirty (30) days from the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1.　　"Action" refers to *Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute and Lymphedema & Wound Care Institute of Texas, Inc. d/b/a Lymphedema and Wound Care Institute v. Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas.*, Case No. 3:19-CV-02164-X, currently pending in the Northern District of Texas, Dallas Division.

## <u>INTERROGATORIES</u>

**Interrogatory No. 7:** Identify the terms of the Government Settlement.

**RESPONSE:**

**Interrogatory No. 8.**   For each Claim, identify each natural person who provided the service or services billed in the Claim.

**RESPONSE:**

**Interrogatory No. 9:**   Identify all licenses or other medical credentials for each natural person identified in response to Interrogatory No. 8.

**RESPONSE:**

**Interrogatory No. 10:** Identify the last date of employment or affiliation of Dr. John Share with 1) LWCIT and 2) LWCCA.

**RESPONSE:**

**Interrogatory No. 11:** Identify the corporate ownership of 1) LWCIT and 2) LWCCA for each year between 2013 and the present, including, but not limited to, the person(s) and/or entities with any ownership interest, the nature of their ownership interest, and the percentage of their ownership interest.

**RESPONSE:**

**Interrogatory No. 12:**  Identify the tax status of  1) LWCIT and 2) LWCCA for each year between 2013 and the present.

**RESPONSE:**

DATED this 18th day of November, 2020.

REED SMITH LLP

*/s/ Thomas C. Hardy*

Martin J. Bishop
State Bar No. 24086915
Fed. ID No. 2443325
mbishop@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Thomas C. Hardy (*Pro Hac Vice*)
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2427
Facsimile: (312) 207-6400

*Attorneys-in-Charge for Defendant*

Cheryl L. Blount
State Bar No. 24076279
Fed. ID No. 1447148
cblount@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Of Counsel for Defendant*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of November, 2020, a true and correct copy of the

foregoing was served on Plaintiffs' counsel of record via electronic mail:

NICHOLS BRAR WEITZNER & THOMAS LLP

Charles Nichols
snichols@nicholsbrar.com
P.O. Box 920837
Houston, Texas 77292
281-727-8442

***ATTORNEYS FOR PLAINTIFFS***


*/s/ Thomas C. Hardy*
Thomas C. Hardy

8

# EXHIBIT  M

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE | § | |
| CONSULTANTS OF AMERICA, INC. | § | |
| D/B/A LYMPHEDEMA & WOUND CARE | § | |
| INSTITUTE AND LYMPHEDEMA & | § | |
| WOUND CARE INSTITUTE OF TEXAS, | § | |
| INC. D/B/A LYMPHEDEMA AND | § | |
| WOUND CARE INSTITUTE, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § | |
| | § | |
| HEALTH CARE SERVICE | § | |
| CORPORATION d/b/a BLUE CROSS & | § | |
| BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**HEALTH CARE SERVICE CORPORATION'S SECOND SET OF REQUESTS FOR**
**DOCUMENTS TO PLAINTIFFS**

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company that does business in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX"), by and through its counsel, Reed Smith LLP, propounds the following Requests for Production on Plaintiffs Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute and Lymphedema & Wound Care Institute of Texas, Inc., d/b/a Lymphedema & Wound Care Institute, which must be answered and within thirty (30) days from the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Action" refers to *Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute and Lymphedema & Wound Care Institute of Texas, Inc. d/b/a Lymphedema and Wound Care Institute v. Health Care Service Corporation d/b/a Blue Cross & Blue Shield of Texas.*, Case No. 3:19-CV-02164-X, currently pending in the Northern District of Texas, Dallas Division.

2.       "LWCCA" refers to Plaintiff Lymphedema & Wound Care Consultants of America, Inc. d/b/a Lymphedema & Wound Care Institute its current and former members, partners, agents, employees, officers, owners, consultants, administrators, and representatives.

3.       "LWCIT" refers to Plaintiff Lymphedema & Wound Care Institute of Texas, Inc., d/b/a Lymphedema & Wound Care Institute its current and former members, partners, agents, employees, officers, owners, consultants, administrators, and representatives.

4.       The terms "Plaintiffs," "you" or "your" collectively refer to LWCCA and LWCIT, unless otherwise indicated.

5.       "Complaint" refers to Plaintiffs' Original Verified Petition filed on April 18, 2019 in the District Court of Jefferson County, Texas.

6.       "BCBSTX" refers to Texas as Blue Cross and Blue Shield of Texas, an unincorporated division of Health Care Service Corporation, and its representatives.

7.       "Member" refers to a patient to whom LWCCA or LWCIT provided services and for whom LWCCA or LWCIT submitted a Claim to BCBSTX.

8.       "Communication" means any exchange or conveyance of information by any means, including but not limited to written, oral, or electronic.

9.       "Claim" refers to any medical claim or invoice submitted by Plaintiffs to BCBSTX for payment for which Plaintiffs seek damages in the Action.

10.      "Claim Number" refers to the alphanumeric number that BCBSTX assigns to Claims.

11.      "Person" means and includes any natural person, corporation, partnership, sole proprietorship, trust, joint venture, governmental entity, and every other form of legal entity or unit or division thereof.

2

12.    "Government Settlement" refers to the settlement between LWCCA and the United

States Department of Justice as announced by the United States Attorney's Office for the Southern

District of Texas on or around December 2013 and referenced at https://www.justice.gov/usao-

sdtx/pr/lymphedema-wound-care-institute-settle-false-claims-act-allegations.

13.    "Government" refers to United States Department of Justice and/or United States

Attorney's Office for the Southern District of Texas their current and former attorneys, members,

officials, agents, employees, officers, consultants, administrators, and/or representatives.

14.    "Document" or "material" means recorded material in any form, including the

original and all non-identical copies (whether different from the original by reason of any notation

made on such copies or otherwise), including, without limitation, correspondence, memoranda,

notes, desk calendars, diaries, statistics, letters, minutes, contracts, reports, studies, checks,

invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books,

interoffice and intra-office communications, offers, notations of any sort of conversations,

telephone calls, voice mails, chat rooms, meetings or other communications, bulletins, bulletin

boards, magazines, publications, printed matter, photographs, video, computer-stored or

computer-generated information, teletypes, telefax, worksheets, and all drafts, alterations,

modifications, changes, and amendments of any of the foregoing, tapes, tape recording transcripts,

graphic or aural records or representations of any kind, of which you have knowledge or which

are or were formally in your actual or constructive possession, custody, or control.  The definition

of "document" also means all information stored in a digital format, which includes, but is not

limited to, all electronic data, electronic mail messages and attachments, contacts, journal entries,

calendar entries, word processing documents, spreadsheets, audio files, video files, databases

3

including all records and fields and structural information, charts, graphs, and any and all miscellaneous files responsive to the following Requests for Documents.

15.    The terms "and" and "or" shall be construed either conjunctively or disjunctively, as required by the context to bring within the scope of the Request any information which might be deemed outside its scope by another construction.

16.    The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa.  The masculine form of any noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and vice-versa.

17.    Pursuant to 34(B)(2)(e) of the Federal Rules of Civil Procedure, you shall organize and label all documents produced in response to this first set of requests for production to correspond with the categories in the requests.

18.    If you refuse to provide any information responsive to any Request in whole or in part based on a claim of privilege, produce a privilege log providing for such information, including:  (a) a general description of the information; (b) the claim of privilege under which the information is withheld; and (c) a description of information adequate to explain the basis for the contention that the information is privileged.

19.    Unless otherwise stated, the relevant timeframe applicable to these Requests is October 1, 2013, through the present.

20.    These Requests are continuing, and you are required to supplement your responses in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**Request No. 15:** The Government Settlement.

**RESPONSE:**

**Request No. 16:** All Documents and Communications, whether created by you or not, reflecting or relating to the Government Settlement, including but, not limited to, all such Communications between You and the Government.

**RESPONSE:**

**Request No. 17:** All organizational charts and  any other documents sufficient to show Your 1) personnel hierarchy and 2)  supervising hierarchy during each year of the time period relevant to the Action.

**RESPONSE:**

**Request No. 18:** All Documents sufficient to identify the ownership of LWCITduring each year of the time period relevant to the Action.

**RESPONSE:**

**Request No. 19:** All Documents sufficient to identify the ownership of LWCCA during each year of the time period relevant to the Action.

**RESPONSE:**

**Request No. 20:** To the extent not produced in response to the above Requests, all Documents sufficient to identify each Person having any interest (whether equity, security, debt, or other legal interest) in LWCIT (including partners, shareholders, and/or agents) and the value of such interest(s) during the time period relevant to the Action.

5

**RESPONSE:**

**Request No. 21:**   To the extent not produced in response to the above Requests, all Documents sufficient to identify each Person having any interest (whether equity, security, debt, or other legal interest) in LWCCA (including partners, shareholders, and/or agents) and the value of such interest(s) during the time period relevant to the Action.

**RESPONSE:**

**Request No. 22:** All Documents sufficient to identify the tax status of LWCIT during each year of the time period relevant to the Action.

**RESPONSE:**

**Request No. 23:** All Documents sufficient to identify the tax status of LWCCA during each year of the time period relevant to the Action.

**RESPONSE:**

**Request No. 24:** All Documents that You relied upon, referenced, or identified in Your responses to BCBSTX's Interrogatories (Set Two).

**RESPONSE:**

6

DATED this 18th day of November, 2020.

REED SMITH LLP

*/s/ Thomas C. Hardy*

Martin J. Bishop
State Bar No. 24086915
Fed. ID No. 2443325
mbishop@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Thomas C. Hardy (*Pro Hac Vice*)
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2427
Facsimile: (312) 207-6400

*Attorneys-in-Charge for Defendant*

Cheryl L. Blount
State Bar No. 24076279
Fed. ID No. 1447148
cblount@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Of Counsel for Defendant*

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 18th day of November, 2020, a true and correct copy of the

foregoing was served on Plaintiffs' counsel of record via electronic mail:

NICHOLS BRAR WEITZNER & THOMAS LLP

Charles Nichols
snichols@nicholsbrar.com
P.O. Box 920837
Houston, Texas 77292
281-727-8442

***ATTORNEYS FOR PLAINTIFFS***


<u>*/s/ Thomas C. Hardy*</u>
Thomas C. Hardy

8

# EXHIBIT  N

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE | § | |
| CONSULTANTS OF AMERICA, INC. | § | |
| D/B/A LYMPHEDEMA & WOUND | § | |
| CARE INSTITUTE AND LYMPHEDEMA | § | |
| & WOUND CARE INSTITUTE OF | § | |
| TEXAS, INC. D/B/A LYMPHEDEMA | § | |
| AND WOUND CARE INSTITUTE, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § | |
| | § | |
| HEALTH CARE SERVICE | § | |
| CORPORATION d/b/a BLUE CROSS & | § | |
| BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA,
INC.'S ANSWERS AND OBJECTIONS TO DEFENDANT HEALTH CARE SERVICE
CORPORATION'S
SECOND SET OF INTERROGATORIES TO PLAINTIFFS**

Plaintiff LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC.

D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE Serves these Answers and Objections

to Defendant Health Care Service Corporation, a Mutual Legal Reserve Company that does business

in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX") Interrogatories.

**<u>INTERROGATORIES</u>**

**Interrogatory No. 7:** Identify the terms of the Government Settlement.

**ANSWER:** LWCCA will provide the information it has available – after Defendant
confirms that it will keep the information confidential for purposes of this lawsuit only and
for attorneys' eyes only.

**Interrogatory No. 8.** For each Claim, identify each natural person who provided the

service or services billed in the Claim.

1

**ANSWER:** LWCCA objects to this Interrogatory because it is extremely burdensome to go through every patient visit and identify each such person. Further, it is not proportional to the needs of the case. Without waiving those objections, LWCCA will make the records available for review electronically.

**Interrogatory No. 9:** Identify all licenses or other medical credentials for each natural person identified in response to Interrogatory No. 8.

**ANSWER:** LWCCA objects to this Interrogatory because it is extremely burdensome to go through every patient visit and identify each such person. Further, it is not proportional to the needs of the case. Without waiving those objections, LWCCA will make the records available for review electronically.

**Interrogatory No. 10:** Identify the last date of employment or affiliation of Dr. John Share with 1) LWCIT and 2) LWCCA.

**ANSWER:** Dr Share's last affiliation with LWCCA was well before he left affiliation with LWCIT. His recent testimony on this issue would be the best evidence.

**Interrogatory No. 11:** Identify the corporate ownership of 1) LWCIT and 2) LWCCA for each year between 2013 and the present, including, but not limited to, the person(s) and/or entities with any ownership interest, the nature of their ownership interest, and the percentage of their ownership interest.

**ANSWER:** Erin Hamilton is the sole owner.

**Interrogatory No. 12:** Identify the tax status of 1) LWCIT and 2) LWCCA for each year between 2013 and the present.

**ANSWER:** LWCCA objects to this Interrogatory because it is not proportional to the needs of the case. Further it unnecessarily seeks confidential information that bears no relationship to LWCCA's claims against Defendant.

DATED this 22nd day of December, 2020.

2

NICHOLS BRAR WEITZNER &
THOMAS LLP

*/s/Scott Nichols*_____
Scott Nichols
snichols@nicholsbrar.com
P.O. Box 920837
Houston, Texas 77292
281-727-8442

***ATTORNEYS FOR PLAINTIFF
LYMPHEDEMA & WOUND
CARE CONSULTANTS OF
AMERICA, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2020, a true and correct copy of the foregoing was served on Defendant's counsel of record via electronic mail:

*/s/Scott Nichols*_____
Scott Nichols

3

# EXHIBIT  O

**TO DECLARATION OF THOMAS C. HARDY
IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS
AND RESPOND TO INTERROGATORIES**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LYMPHEDEMA & WOUND CARE | § | |
| CONSULTANTS OF AMERICA, INC. | § | |
| D/B/A LYMPHEDEMA & WOUND | § | |
| CARE INSTITUTE AND LYMPHEDEMA | § | |
| & WOUND CARE INSTITUTE OF | § | |
| TEXAS, INC. D/B/A LYMPHEDEMA | § | |
| AND WOUND CARE INSTITUTE, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION No. 3:19-CV-02164-X |
| v. | § | |
| | § | |
| HEALTH CARE SERVICE | § | |
| CORPORATION d/b/a BLUE CROSS & | § | |
| BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC. D/B/A
LYMPHEDEMA & WOUND CARE INSTITUTE'S RESPONSES AND OBJECTIONS
TO HEALTH CARE SERVICE CORPORATION'S SECOND SET OF REQUESTS FOR
DOCUMENTS TO PLAINTIFFS**

Plaintiff LYMPHEDEMA & WOUND CARE CONSULTANTS OF AMERICA, INC.

D/B/A LYMPHEDEMA & WOUND CARE INSTITUTE'S Responses and Objections to

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company that does business

in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX") Requests for Production.

**REQUESTS FOR PRODUCTION**

**Request No. 15:** The Government Settlement.

**RESPONSE:** LWCCA will produce information it has available – after Defendant
confirms that it will keep the documents and terms confidential for purposes of this lawsuit
only and for attorneys' eyes only.

1

**Request No. 16:** All Documents and Communications, whether created by you or not, reflecting or relating to the Government Settlement, including but, not limited to, all such Communications between You and the Government.

    **RESPONSE:** LWCCA will produce information it has available – after Defendant confirms that it will keep the documents and terms confidential for purposes of this lawsuit only and for attorneys' eyes only.

**Request No. 17:** All organizational charts and any other documents sufficient to show Your 1) personnel hierarchy and 2) supervising hierarchy during each year of the time period relevant to the Action.

    **RESPONSE:**  LWCCA will produce for LWCCA.

**Request No. 18:** All Documents sufficient to identify the ownership of LWCIT during each year of the time period relevant to the Action.

    **RESPONSE:**  LWCCA is not familiar with the details of LWCIT's ownership and has no possession custody or control of LWCIT documents.

**Request No. 19:** All Documents sufficient to identify the ownership of LWCCA during each year of the time period relevant to the Action.

    **RESPONSE:**  LWCCA will produce.

**Request No. 20:** To the extent not produced in response to the above Requests, all Documents sufficient to identify each Person having any interest (whether equity, security, debt, or other legal interest) in LWCIT (including partners, shareholders, and/or agents) and the value of such interest(s) during the time period relevant to the Action.

    **RESPONSE:**  LWCCA is not familiar with the details of LWCIT's ownership and has no possession custody or control of LWCIT documents.

2

**Request No. 21:** To the extent not produced in response to the above Requests, all Documents sufficient to identify each Person having any interest (whether equity, security, debt, or other legal interest) in LWCCA (including partners, shareholders, and/or agents) and the value of such interest(s) during the time period relevant to the Action.

> **RESPONSE:** Erin Hamilton is the only person to have any such interest in LWCCA for all of the relevant times.

**Request No. 22:** All Documents sufficient to identify the tax status of LWCIT during each year of the time period relevant to the Action.

> **RESPONSE:** LWCCA objects to this Request because it is not proportional to the needs of the case. Further it unnecessarily seeks confidential information that bears no relationship to LWCCA's claims against Defendant.

**Request No. 23:** All Documents sufficient to identify the tax status of LWCCA during each year of the time period relevant to the Action.

> **RESPONSE:** LWCCA objects to this Request because it is not proportional to the needs of the case. Further it unnecessarily seeks confidential information that bears no relationship to LWCCA's claims against Defendant.

**Request No. 24:** All Documents that You relied upon, referenced, or identified in Your responses to BCBSTX's Interrogatories (Set Two).

> **RESPONSE:** LWCCA has agreed to produce all such documents relied on.

NICHOLS BRAR WEITZNER & THOMAS LLP

*/s/ Scott Nichols*_____
Scott Nichols
snichols@nicholsbrar.com
P.O. Box 920837

3

Houston, Texas 77292
281-727-8442

***ATTORNEYS FOR PLAINTIFF
LYMPHEDEMA & WOUND
CARE CONSULTANTS OF
AMERICA, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of December, 2020, a true and correct copy of the foregoing was served on Defendant's counsel of record via electronic mail:

*/s/ Scott Nichols*_____
Scott Nichols

4